### RICKER & AL. *v.* KELLY & AL.

The owner of land having, for valuable consideration, given license to another by parol to build a bridge on his land, an action of trespass will lie against him for taking away the bridge without the consent of him who erected it.

If there be a parol agreement for a right of way, or other interest in land, and any acts be done in pursuance thereof which are prejudicial to the party performing them, and are in part execution of the contract, the agreement is valid notwithstanding the Statute of frauds.

*Trespass* for cutting down and destroying part of a wooden bridge, the property of the plaintiffs. The defendants, in justification, pleaded that the bridge was erected on the land of *Kelly*, without his license and against his will, and that he removed it from his close as he lawfully might do.

The plaintiffs replied that on a certain day, in consideration of their promise to perform certain work and labour, &c. for *Kelly*, he gave them license and authority to erect a bridge on his land, and to have a right of way over the same to the bridge;— that by virtue of said license they erected the bridge; and that afterwards they performed the work and labour, &c. which they had promised him, and which he accepted in full discharge of their promise.

To this replication the defendants demurred in law; because the plaintiffs had not set forth any legal conveyance of title to them to build said bridge on the land of *Kelly*, nor to enter upon or pass over the land for any other purpose; and because it did not appear that said license was in writing, nor how long it was to continue in force.

*Rice*, in support of the demurrer.

The replication does not shew a license *in writing;* without which the license is void by *Stat.* 1783. *c.* 37.

The plaintiffs claim an interest in land, but they do not show *how* they obtained it; which they ought to have done, that the Court might see whether it be good or not. *Cook v. Stearns*, 11 *Mass.* 533. *Pomfret v. Ricroft*, 1 *Saund.* 321.

The action stands as if brought by the defendants against the plaintiffs for erecting the bridge without permission from the owners of the soil. It is by persons who have unlawfully built a bridge on another's land, against the owner of the soil.

for pulling it down; and *such* an action, it will be readily agreed, cannot be supported.

*Boutelle*, for the plaintiffs.

The plaintiffs having erected the bridge at their own expense, the materials were their own, and they might remove them at their pleasure. *Wells v. Banister*, 4 *Mass.* 514. *Taylor v. Townsend*, 8 *Mass.* 411.

The license given by the defendants was not revocable after the bridge was erected. It stands on the ground of a part execution. *Davenport v. Mason*, 15 *Mass.* 92. Upon this authority the plaintiffs are justified in maintaining the bridge against the defendants. Having permitted its erection, they cannot now recall the license, it being already acted upon. The case at bar is as if the defendants had sued the plaintiffs for a nuisance, and is identical, in its principles, with *Winter v. Brockwell*, 8 *East* 308. *Vid. Cook v. Stearns*, 11 *Mass.* 533. *Crosby v. Wadsworth*, 6 *East* 602. *Harrison v. Parker*, 6 *East* 154.

MELLEN C. J. It appears by the pleadings in this case, that the *locus in quo* belongs to the defendants;—that sometime before the trespass, they had, for a valuable consideration paid to them, licensed the plaintiffs, by parol, to enter into said close and erect the part of the bridge which the defendants removed.—It does not appear that this license was ever revoked, if revocable; nor that any notice was given to the plaintiffs to remove the bridge, prior to the removal of it by the defendants.— Under these circumstances, is the action maintainable?

The justice of the plaintiffs' claim for indemnity is very apparent.—But it is contended that no rights were conveyed to the plaintiffs by the license of the defendants because it was not *in writing*; that it is nothing more than a *lease at will*, according to the Statute of conveyancing. *Stat.* 1783. *c.* 37.—To this it may be replied, that a lease at will is good, until the will is determined; and the lessee's rights remain until that time.— This objection therefore cannot avail the defendants, because it does not appear that such lease was determined by the lessors before the removal of the bridge.

Again it is contended by the defendants that as the plaintiffs claim an *interest in the close*, within the meaning of the Statute

Ricker & al. *v.* Kelly & al.

of frauds; and the proof of *this interest* not being in writing, the permission of the defendants to the plaintiffs to enter upon the close and build said bridge, and enjoy a right of way over the close, to the said bridge, is void and ineffectual. In support of this objection, the counsel for the defendants has cited the case of *Cook v. Stearns*, 11 *Mass.* 533. We consider that case as materially different from the case at bar. In the case of *Cook v. Stearns* the defendant claimed a permanent interest in the plaintiff's close, and a right to maintain the bank, dam, &c. and at any time to enter on the land to make necessary repairs;—and *such* a right the Court decided could not pass without deed or writing. In the present case the plaintiffs placed their own materials in the form of part of a bridge, on the defendants' land by their express consent; and if a right of way over the close to the bridge did not pass by parol, still the defendants had no right to seize and carry away the plaintiffs' property and destroy its value. As well might the owner of a ship-yard, permit another to build a ship in it: and when the ship was on the stocks, cut it in pieces and carry it away with impunity.—Again, in *Cook v. Stearns*, the license relied upon by the defendant was never given by *the plaintiff Cook*, but by the *former owners* of the land; and it did not appear that *Cook* ever assented to and ratified such license, or ever knew of it. In the present case the license was given by the *very persons* who have violated it, to the prejudice of the plaintiffs.—So far, *at least*, as regards the *building of the bridge*, the authority given by a license is good and sufficient, according to the decision in that case, and the authorities there cited. The license stated in the replication was to do a particular act; it was not intended to give a right to hold the defendants' land,—to enter upon it at all times, and exercise dominion over it. Such an interest the Statute requires should be passed by some writing. In *Cook v. Stearns*, the defendant claimed an *easement* without any deed or writing, and without prescription.—Such a claim the law does not sanction.—Not so in the present case.

But if the case before us should not be considered as presenting the question whether the defendants' permission is, in in technical language, a *license* and operating as such; still, the counsel for the plaintiffs contends that it may operate as con-

veying a right to build the bridge, and a *right of way ;* and is not within the Statute of frauds; inasmuch as the contract set forth in the replication was *executed on both parts :*—the consideration was received, and the bridge was built.—In support of this principle, the cases of *Davenport v. Mason,* and *Winter v. Brockwell* have been cited ; and they support the principle advanced.—In fact (there are numerous decisions establishing the distinction between agreements *executory* and agreements *executed* in whole or in part.—The Statute of frauds is applicable to the *former,* but not to the *latter.*

We are all of opinion that the replication is good and sufficient and that there must be

*Judgment for the plaintiffs.*

See *acc. Buckmaster v. Harrop,* 7 *Ves. jr.* 341. *Gunter v. Halsey, Ambl.* 586. *Earl of Aylesford's case,* 2 *Str.* 783. *Pyke v. Williams,* 2 *Vern.* 455. *Lacon v. Mertins,* 3 *Atk.* 1. *Wetmore v. White,* 2 *Caines' Ca.* 87.