# SUPREME JUDICIAL COURT

### FOR THE COUNTY OF

## OXFORD,

### MAY TERM,

### 1827.

---

### CLEMENT *vs.* DURGIN.

In a prosecution by complaint against the owner of part of a mill dam, for flowing lands, the owner of another part of the same dam, in severalty, is a competent witness for the respondent.

Where a commission issues to any judge or magistrate of another State, to take depositions in a cause pending in this Court, the official certificate of the judge or magistrate is received as *prima facie* evidence of his authority.

The right to flow the lands of another, in order to raise water sufficient to carry a mill, subject to the claim of the owner for damages, is given, by necessary implication, in the statute regulating mills, and therefore needs not to be proved by writing, under the statute of frauds.

The damages occasioned by such flowing may be waived or relinquished by parol.

Tнis case, which was a complaint for flowing the lands of the complainant by the respondent's mill-dam, [*Vid. Vol. I. p.* 300.] came again before the Court, at the last *October* term in this county, for trial of the issue whether the respondent had good right to erect the dam, and flow the land of the complainant, without the payment of any damages therefor.

At the trial of this issue, before *Preble J.* the respondent offered *James Osgood* as a witness, whose competency to testify was denied, on the ground of interest. And it appeared, from his own examination to this point, that he held a mortgage deed of one half of the privilege on which the dam was erected, and of the whole of a fulling-mill erected thereon; of which he had been in possession

Clement *v.* Durgin.

more than four years; but that his title was not derived from the respondent, nor did they hold any thing in common. This objection the Judge overruled.

The respondent also offered a deposition taken under a commission issued from this court, "to any Judge of any court of record in the State of New York," the return of which was signed " *Smith Stilwell* Judge of St. Lawrence Common Pleas. " To this the complainant objected, for want of evidence that the person making the return was a Judge of a Court of record. But this objection also was overruled.

The complainant further objected to the admission of parol evidence to prove the issue on the part of the respondent; contending that the claim of the respondent was an interest in land, which could only be sustained by deed or other instrument in writing. This objection also the judge overruled ; and a verdict was returned for the respondent ; to which the complainant filed exceptions.

*Dana, for the complainant,* argued against the admission of *Osgood,* because, though only a mortgagee, the legal estate in the privilege and half the dam was in him, and he had the actual occupancy ; so that this process would lie against him, by the statute ; and his interest must necessarily be affected by the judgment in this case, so far as the judgment might regulate the height of the dam. 4. *Mass.* 50. *Goodwin v. Richardson* 9. *Mass.* 469. 2. *Greenl.* 132. 1. *N. Hamp. Rep.* 169. 6. *Mass.* 50.

He argued against the admission of the deposition, from the abuses which such a rule might occasion; as corrupt parties might themselves personate the magistrates of other States, or procure others to do so, if the bare signature of the magistrate were to be received as satisfactory evidence of his official character. The rule of this court, which requires higher evidence where the deposition is taken without a commission, and the statute of the United States regulating the mode of authenticating the judgments of State Courts, are proofs that this objection is founded in authority and good reason.

He further contended that the right claimed by the respondent was a perpetual right to flow the land of the complainant, and intercept his pernancy of profits. It went to take away from him all beneficial use of his soil forever, and vest in a third person a per-

Clement *v.* Durgin.

manent and exclusive interest in it. Such a title, being "an interest concerning lands," was within the statute of frauds, and therefore could be proved only by writing. *Cook v. Stearns* 11. *Mass.* 537. *Ricker v. Kelly* 1. *Greenl.* 117. The cases which would seem to support the contrary doctrine, he said, were cases of license to do a particular act, or for a limited time; or where a valuable consideration had been already paid, and the contract had been partially executed.

*Greenleaf* and *Bradley, for the respondent,* insisted on the admissibility of *Osgood,* on the ground that the dam was a personal chattel, which an out-going lessee might lawfully remove, being merely of timbers and plank; alleged to have been erected solely by *Durgin,* and by him justified. *Osgood* therefore could have no interest in its existence. Nor would he be bound by the verdict and judgment in this case; because he was not even a party in interest; nor had he a right to cross examine the witnesses, nor to interfere in the trial. Nor could a recovery in this case affect a future process against him, since *Osgood* held nothing in common with *Durgin,* and the respondent might have grounds for an exemption from damages totally different from any defence which another could set up. 1 *Phil. Ev.* 232. 1 *Stark. Ev.* 184.

As to the deposition, they relied on the uniform practice to receive the certificate of the commissioner as *prima facie* evidence of his official character, and sufficient, till it should be repelled by counter proof.

To the point of the license, they argued that this was given by the statute, which permitted the flowing of any lands, where it was necessary to raise a sufficient head of water for a mill, without the consent of any owner of the lands. It was a perpetual license, appurtenant to every mill; and where the owner of the lands can interpose no negative, it cannot be necessary to obtain his consent. *Tinkham v. Arnold* 3. *Greenl.* 120. But here the right to flow is not an interest in lands, but only an easement, and so not within the statute of frauds. *Wood v. Lake Say.* 3. 1. *Phil. Ev.* 335. *Webb v. Paternoster Palm.* 71. 7. *Taunt.* 384. 2 *Stark.* 588. 589. The sole question was upon the right to damages, and this was open to inquiry by parol.

Clement *v.* Durgin.

The opinion of the court was delivered in the following *June* term, at *Augusta*, by

WESTON J. With regard to the objection to the competency of *James Osgood*, on the ground of interest, it appears that the witness owned on one side, and the respondent on the other, each to the thread of the stream, over which the dam was extended. They were not therefore owners of the dam in common ; but each of a part in severalty. A verdict for or against the respondent, could not be used for or against the witness in a complaint or action. The respondent might possess, by purchase or otherwise, the right, so far as he was concerned, to flow without payment of damages, which might not extend to or protect the witness. Their interest being several and not joint, neither would have a remedy against the other for contribution, where the party injured complained against them severally. Whether by the nature of their occupancy, they might not have been joined as respondents in the same complaint, is not a question before us. This process has no effect to remove the dam ; therefore the witness is in no danger on that ground ; and we are satisfied, as the case is now presented, that the witness had no such interest, as would exclude him as incompetent.

A question was raised at the trial, and is reserved for our consideration, whether a deposition taken under a commission, by a person who represents himself as a judge of the St. Lawrence Court of Common Pleas in the State of *New-York*, which was objected to by the counsel for the complainant, could be received, without proof of the official character of the judge. By *ch.* 85 of the revised laws, prescribing the mode of taking depositions, *sec.* 6, which in this particular is a re-enactment of the old law, it is provided that all depositions taken out of this State, before any justice of the peace, public notary, or other person legally empowered to take depositions in the State or county where such depositions shall be taken and certified, may be admitted as evidence in any civil action, or rejected, at the discretion of the court. In the exercise of this discretion, prior to the promulgation of the existing rule of this court, on the subject of commissions, if the deposition appeared to have been taken with formality and solemnity, having an official authentication, presenting upon the face of it no ground

Clement *v.* Durgin.

of suspicion, it was usually received as evidence. But the rule before alluded to, having afforded every facility for the issuing of commissions to take depositions out of the State, upon application to either of the judges or to the clerk, and the court being disposed to regard with more favor such as are taken under commission, by interrogatories and cross interrogatories, prescribed by the rule as a more satisfactory mode of eliciting truth, have therein declared that in all cases of depositions taken out of the State, without commission, it shall be incumbent on the party producing such deposition, to prove that it was taken and certified by a person legally empowered thereto; thereby plainly implying that no such evidence would be required in the case of depositions taken under commission. And we can perceive no well founded objection to the receiving of the official certificate of the judge or magistrate in these cases, as *prima facie* evidence of his authority. Upon a suggestion of fraud or collusion, supported by affidavit, or otherwise, to the satisfaction of the court, they would either reject the deposition, or afford opportunity to ascertain more perfectly the official character of the person by whom it might be certified, and the circumstances under which it may have been taken. As there is no objection to the execution of the commission in question on the face of it; and no proof or suggestion that there is any thing false in the caption; the objection to its being received was, in our opinion, properly overruled.

It is further insisted, that the issue tried between these parties, could only be proved on the part of the respondent by deed, or other instrument in writing; and not by parol proof, which was received by the judge, although objected to by the counsel for the complainant. This objection is founded upon the statute of frauds; upon the ground that the right to flow, without payment of damages, is an interest in land. But we regard it as rather in the nature of a license to do certain acts in, or upon, the land of another, of which parol proof has always been deemed admissible; as, to cut trees upon, or to pass over the land of another, or to build a fence or a bridge thereon. In these, and many other cases of the like kind, proof of a parol license from the owner, would be a good defence to an action of trespass, brought by him for the doing of these acts.

Clement v. Durgin.

Such a license is in its nature revocable ; unless the party, to whom it is given, has been thereby led to incur expense ; in which case it is not revocable ; at least without tendering an indemnity.

In *Taylor v. Waters*, 7 *Taunt.* 374, the plaintiff averred that the proprietor of the opera house, or King's theatre, in the Haymarket, had granted him six silver tickets of admission to the same, for the space of twenty-one years, which he had not been permitted to enjoy. Among other objections made to the action, it was insisted that this was an interest in land, which could not be granted, but by written instrument. *Gibbs C. J.* in delivering the opinion of the court, after adverting to a series of decisions, says " these cases abundantly prove that a license to enjoy a beneficial privilege on land, may be granted without deed, and, notwithstanding the statute of frauds, without writing." And he further deduces from the authorities, that such a license cannot be countermanded, after it has been acted upon.

*Winter v. Brockwell*, 8 *East.* 309, was an action of the case for a nuisance, in erecting a sky-light over the area above the plaintiff's window, by means of which the light and air were excluded ; but it being proved by parol, that this was done with the express approbation of the plaintiff, who also gave permission to have part of the frame work nailed against his wall, it was held by the court, notwithstanding it appears in a note to the case that the statute of frauds was objected, that the defence was well sustained ; upon the ground, either that a license of this kind is not revocable, until the expenses incurred by the party licensed are refunded ; or that a license, once executed, is no longer countermandable ; for which lord *Ellenborough* cites *Webb v. Paternoster, Palmer*, 74. *Wood v. Lake, Sayer* 3, cited in 1. *Phil. Evid.* 354, *Crosby v. Wadsworth*, 6 *East.* 602, and *Ricker & al. v. Kelly & al.* 1. *Greenl.* 117, are also authorities to show that this is not a case within the statute of frauds.

The right to flow, subject to the claim of the party injured for damages, is given by statute. These damages, the party may waive or relinquish by parol. He thereby gives the other party no new interest in, or right over, his lands ; but he foregoes a right to damages, which he might have enforced by complaint, in the na-

ture of a personal action. Suppose it be desirable to a neighborhood that a fulling mill, or a grist mill, should be erected at a suitable place upon a stream, the owner of which is not inclined to make the erection, from an apprehension that it may not prove sufficiently profitable to remunerate the expense. As an inducement, the owner of land, which may be flowed by raising a suitable and necessary head of water for this purpose, engages by parol to set up no claim for damages. The owner thereupon proceeds to build a mill and dam, on the faith of this engagement. He is subsequently called upon by complaint, by the owner of the land, to answer in damages, for causing the water to flow back upon his grounds. The respondent proves, by parol, that he did so, by the license and permission of the complainant. We cannot doubt that this would be a good defence. He claims no interest in the land of the complainant; but he justifies a certain act done in relation to it, which, without the license of the owner, would have been unwarrantable. The license given might have been countermanded, before it had been acted upon; as if a party promise to give money, no action lies upon it; but having given it, he cannot recover it back. He cannot reclaim what he has given away. So in this case, having given the license, and it having been acted upon, he cannot enforce an action or complaint for damages. *Judgment on the verdict.*