# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## OCTOBER TERM, 1866.

### P. H. RYAN *v.* EDWIN TOMLINSON.

CASE AFFIRMED.—*Ricks* v. *Reed*, 19 Cal. 551, as to jurisdiction of County Court to determine conflicting claim to town lots, as provided in the Act of 1860, affirmed.

PROCEEDING TO DETERMINE RIGHT TO TOWN LOTS NOT APPELLATE.—The proceeding in a County Court to determine conflicting claims to town lots under the Act of 1860, (Laws 1860, p. 6,) is original and not appellate, and the action is governed by the same rules applicable to actions commenced in a Court of record.

JUDGMENT WITHOUT A PLAINTIFF VOID.—When the plaintiff, in a suit in the County Court to determine conflicting claims to town lots under the Act of 1860, is permitted by the Court to withdraw as a party, and the suit is dismissed as to him, the suit is ended, and a subsequent judgment determining the rights of the defendants as between themselves, is void, and not admissible in evidence, even though the order of dismissal provides that the suit shall be continued for the purpose of determining the rights of the other parties.

THERE MUST BE A PLAINTIFF TO AN ACTION.—The Court cannot proceed and determine a controversy between defendants to an action after there has ceased to be a plaintiff.

STIPULATION OF AN ATTORNEY.—An attorney at law for one of the parties in a proceeding in a County Court to determine conflicting claims to town lots, cannot, after the Board of Trustees of the town have awarded the lot to his client, pass the client's right or title by a stipulation in the case for the entry of a void judgment.

APPEAL from the District Court, Eighth Judicial District, Humboldt County.

This was an action to recover possession of Lot Seven in Block B, in the Town of Eureka, Humboldt County. The United States patent to the town lands issued on the first of November, 1860, to the Trustees of the Town of Eureka, as the corporate authorities thereof, under what is known as the "Town Site Law," passed by Congress May 23d, 1844.

In April, 1855, an Act was passed by the Legislature providing for the disposal of town lots in Humboldt County, which was amended in 1856, and further amended in 1860. (Laws 1860, p. 5.) The lot in controversy had been in the possession of the defendant for more than five years before August 24th, 1865, the time of the commencement of this action.

Certain proceedings under the State laws above referred to were had before the Board of Trustees of Eureka prior to May 3d, 1860, concerning the respective rights of the parties thereto to the lot in controversy. B. F. Knox, F. Knox, Chas. Brewer, H. K. Walker, Wm. R. Duff, and Edwin Tomlinson, the appellant, were parties to those proceedings; each claiming the lot adversely to the other. The Board awarded the lot to Chas. Brewer. B. F. Knox and F. Knox, May 3d, 1860, filed a complaint in the County Court, making all the other claimants defendants, asking that the Board of Trustees be adjudged to issue to them a certificate for the lot, in accordance with the State law. Due service in the proceeding in the County Court was had on all the defendants, but none answered or demurred, or in any way appeared in the action, except Brewer and Duff. No default or dismissal was entered as to Tomlinson, the appellant, and Walker. Nothing was done in the case after service until October 27th, 1862, when, on application of the plaintiffs in that proceeding, the Court made the following order:

"The above named plaintiffs appearing in open Court, by James Hanna, Esq., their attorney, and abandon their appeal,

and ask that the same may be dismissed without prejudice to the rights of the other parties thereto.

"And on motion of James Hanna, Esq., it is ordered that said plaintiffs be permitted to withdraw as parties to said appeal, but the same be continued as now entitled, for the sole purpose of determining the respective rights of other parties thereto."

Under this order the case, as above entitled, was continued from term to term till the 12th day of August, 1863, at a regular term, when Chas. Brewer and Wm. R. Duff entered into the following stipulation or agreement :

"It is hereby stipulated and agreed by and between the said Charles Brewer and Wm. R. Duff, named as above, defendants, and also counter claimants of the premises in controversy in the above suit, and the only parties to the record having any interest therein, that the honorable the County Court, before which the said suit is pending, shall enter judgment therein ; that the premises described in the pleadings, to wit: Block A, and Lots Two, Five, Seven, in Block B, be adjudged to the said Wm. R. Duff, and that the Trustees of the Town of Eureka be directed and ordered to issue to the said Duff a certificate therefor.

"W. S. BROCK, Attorney for C. Brewer.
"JAS. HANNA, Attorney for W. R. Duff.
"12th August, 1863."

On the same day, in pursuance of the stipulation, the County Court entered a judgment, which, after reciting that the plaintiffs had been permitted to withdraw from the suit as parties, and that the suit had been ordered to remain to determine the claims of other parties, and that Brewer and Duff had entered into a stipulation that the lot should be adjudged to Duff, adjudged and decreed that the Trustees should issue a certificate to Duff.

Pursuant to the judgment, the Board of Trustees, on the 4th day of March, 1865, deeded the lot in controversy to said

Duff, and Duff, in July of the same year, conveyed it to respondent Ryan. .

The deed from the Board of Trustees to Duff recited the former controversy before the Board concerning the lot, and the name of the contestants, and the award the Board then made, and the appeal therefrom to the County Court, and the judgment of the County Court on the appeal, and that the deed was made in pursuance of and in obedience to the judgment.

On the trial the plaintiff offered the deed to Duff in evidence, and also the judgment of the County Court. The defendant objected to the evidence, because the County Court, at the time the judgment was rendered, had no jurisdiction of the matter in controversy, as at that date the suit had no party plaintiff. The Court overruled the objection.

Plaintiff recovered judgment, and defendant appealed.

*George Cadwalader*, for Appellant, referred to the fifth, eighth, and ninth sections of the Act of the Legislature entitled "An Act to provide for the disposition of lots in towns and villages," etc., passed April 27th, 1855, (Laws 1855, p. 168,) and to the seventh section of same Act as amended in 1856, (Laws 1856, p. 75,) and to the sixth section as amended in 1860, (Laws 1860, p. 6,) and argued that as there was no plaintiff in the action in the County Court at the time the judgment was rendered, that the judgment was void, and the order of the Court continuing the cause for the purpose of determining the respective rights of the other parties thereto, after the plaintiffs had withdrawn, was also void, as there was no suit to be continued. He also argued that, admitting *pro forma* that after the plaintiffs had abandoned their appeal the case had a standing in Court which enabled the Court to determine the respective rights of the other parties, yet as there were three defendants, Brewer, Duff, and Tomlinson, who had been served and had not appeared, and there had been no default or dismissal as to either of them, that the judgment entered upon the stipulation of Brewer and Duff, to which Tomlinson was not a party, did not bind Tomlinson.

*Robinson & Dunlap*, for Respondent, argued that Tomlinson was never a party to the proceeding in the County Court. That the service of process on him did not make him a party, but only afforded him an opportunity to make himself a party by coming in and setting up his claim affirmatively, and that having declined so to do he had never made himself a party ; and that although the plaintiffs had withdrawn from the case, yet when Duff and Brewer entered into the stipulation Duff became really a plaintiff and Brewer a defendant, and this was sufficient to give the Court jurisdiction. They also argued that if the County Court had no jurisdiction, yet, as the Trustees had authority to convey the lot to the proper person, and that having conveyed to Duff under a stipulation signed by Brewer, the conveyance was good until set aside.

By the Court, RHODES, J. :

The question upon which we shall dispose of the appeal is whether the judgment of the County Court was admissible in evidence. The Acts of Congress and the statutes of this State, under which the plaintiff claims title, were considered by the Court in *Ricks v. Reed,* 19 Cal. 551, and in that case the Court held that the County Court had jurisdiction of proceedings to determine conflicting claims to town lots, as provided in the Act of the Legislature of 1860, (Stat. 1860, p. 6,) and that such proceedings constitute a "special case" within the meaning of Article VI, Section Nine, of the Constitution. The judgment admitted in evidence was rendered in 1863, and of course previous to the reorganization of the Courts under the amended Constitution, and we deem it unnecessary to attempt a review of the decision in *Ricks v. Reed* upon the question whether the proceeding before the County Court was a special case, the jurisdiction of which it was competent to the Legislature to confer upon that Court ; for unless we should become satisfied that the decision was clearly and radically wrong—and we see no good reason to doubt its correctness—it ought not now to be changed, as it

has become a rule of property, and every consideration is opposed to its disturbance.

There is a ground of objection to the judgment taken by the defendant which is insurmountable. The Court held, in *Ricks* v. *Reed,* that it was a misnomer to denominate the proceeding an appeal; that the jurisdiction conferred, though designated as appellate, was really original; that the action of the Board of Trustees only became material as furnishing authority for the proceedings before the County Court. The claimant files his complaint in the County Court and serves a notice upon the contestants, who are required to demur or answer within the time provided in other civil actions, and it is provided that " in all respects the pleadings and all proceedings shall be governed by the same rules applicable to actions commenced in a Court of record." In 1860, B. F. Knox and F. Knox commenced the proceeding in the County Court, provided for by the statute; and in 1862 they appeared in open Court and abandoned their appeal, and asked that the same might be dismissed without prejudice to the rights of the other parties thereto; and the Court ordered that they " be permitted to withdraw as parties to said appeal, but the same be continued as now entitled, for the sole purpose of determining the respective rights of the other parties thereto."

When the plaintiffs in that proceeding abandoned their appeal, and were by the Court permitted to withdraw as parties, the proceeding ended. There was no longer a plaintiff to the action, and it was beyond the power of the Court to keep the proceedings on foot. It is as essential to an action that there should be a plaintiff, as that there should be a Court to determine the controversy. The plaintiff cites no case, " governed by the same rules applicable to actions commenced in a Court of record," in which the Court has proceeded to determine a controversy between the defendants to the action, after there has ceased to be a plaintiff, and we think none such can be found.

The plaintiff insists that the deed of the Trustees to Ryan was sufficient to entitle them to a recovery without the aid of

the judgment of the County Court, as it was executed, as they claim, in pursuance of the stipulation between the respective attorneys for Brewer and Ryan. But the deed purports to be made in pursuance, not of the stipulation, but of the judgment of the County Court. And another sufficient answer is, that the Board of Trustees awarded the lot to Brewer, and it was not competent to the attorney of Brewer to pass his right or title by a stipulation, and that, too, not entered into for the purpose of passing title, but in order that the Court might determine who was the rightful claimant of the lot.

Judgment reversed and the cause remanded.