## No. 2 121.

PIERCE H. RYAN, APPELLANT, *v.* EDWIN TOMLINSON, RESPONDENT.

STATUTE OF FRAUDS.—A verbal agreement for an exchange of real property which has been carried into effect by the execution of proper conveyances in pursuance of the agreement, is not void under the Statute of Frauds.

IDEM.—A mere intruder on real property having no privity with the former owner, cannot invoke the aid of the Statute of Frauds for the protection of such owner.

DEED—RECITAL IN.—A recital in a conveyance by the Trustees of a town that it was made in obedience to a judgment of the County Court, which judgment was subsequently decided to be void, does not invalidate the deed if it contain operative words of conveyance sufficient to transfer the title.

IDEM.—The recitals touching the void judgment may be rejected as surplusage and the deed remain a valid operative conveyance, which cannot be impeached by a stranger to the transaction, not in privity with any of the parties.

EVIDENCE—ADMISSIBILITY OF ON NEW TRIAL.—Parties to an action on a new trial are not precluded by the decision of this Court on a former appeal from proving facts which were not before the Court, and upon whose legal effect there was no adjudication on that appeal, nor from introducing new proofs in support of the complaint or defense, as the case may be.

JUDGMENT OF REVERSAL—EFFECT OF.—The effect of the order "judgment reversed and cause remanded" is only to set aside the judgment that a new trial may be held, unless it is apparent from the opinion of the Court that the adjudication was intended to be a final disposition of the cause.

APPEAL from the District Court of the Eighth District, Humboldt County.

The facts are sufficiently stated in the opinion of the Court, and in the report of the case on the former appeal, to be found in 31 Cal. p. 11.

*H. W. Havens, E. Cook* and *Wilson & Crittenden,* for Appellant.

*First*—The Court erred in excluding the deed from the ·Trustees of the Town of Eureka to William R. Duff. This deed purports to have been executed in pursuance of a judgment of the County Court, and was excluded on the ground that the judgment had been held to be void. The validity of the judgment was passed upon when the case was here upon former appeal (31 Cal. 11), and conceding what was then decided, it follows that the deed is ineffectual, unless it can be maintained independent of the judgment. The ·question, in this view of it, is whether, disregarding the

judgment, the deed was admissible in evidence. We claim that it was.

The right of Brewer to dispose of his beneficial interest cannot be disputed, and in agreeing that the deed should be made to Duff, he was simply exercising his right. The deed consummated the agreement, and the fact that it purports to have been executed in obedience to a void judgment, is immaterial. The validity of the deed does not depend on its recitals, but on the power of the Trustees to make it. (2 Cow. & Hill's Notes to Phil. on Ev. 836; Powell on Pow. 111, 115; *Jackson* v. *Pratt*, 10 Johns. 381; *Jackson* v. *Streeter*, 5 Cow. ·529.)

Where the legal title is vested in a Trustee, he may exercise all the powers of disposition incident to the legal ownership. (Hill on Trustees, 409, and cases cited.)

A conveyance by him, even in violation of the trust, is merely voidable, and no one but the *cestui que trust* can object to it. Indeed, the remedy in such cases is purely equitable, for, as the conveyance is not void, it passes the title, and equity alone can relieve against it. (*Canoy* v. *Troutman*, 7 Ired. Law, 155.)

The only remedy at law is a suit against the Trustee for damages, and such a suit would operate as a confirmation of the conveyance, making it valid not merely at law, but in equity. (*Murray* v. *Ballou*, 1 Johns. Ch. 581; *Murray* v. *Sylburn*, 2 Id. 441.)

*Second*—The Court erred in excluding the deed from Charles Brewer to the plaintiff.

This deed was excluded on the ground that it was executed after the commencement of the action. No other objection was made to it, and very few words will be sufficient to show that the ground taken is untenable.

The deed is not a mere conveyance, but a ratification of a prior conveyance. It refers to the plaintiff as the grantor of Duff, and expressly ratifies the conveyance to the latter. A ratification has a retrospective effect, and is equivalent to a previous authority. (Broom's Legal Maxims, 583.)

In *Jackson* v. *McMichael* (3 Cow. 75) the deed of a Sheriff was held to relate back to the time of the sale, and to be

admissible in evidence, though executed after suit brought. In support of the decision, numerous authorities are cited in the opinion, and there can be no doubt that the question was correctly determined. A ratification falls within the same principle, for it has relation to the original act, and gives effect to it from the time it was done. The precise point, however, was decided in *Timmons* v. *McKissick* (6 Humph. 259.) It was there held that a deed made after suit commenced, confirming a deed made before suit, was admissible evidence of the title of the plaintiff.

*Third* — The Court erred in excluding the testimony of W. S. Brock. This testimony related to the agreement .between Brewer and Duff, and was excluded on the ground ·that it was an attempt to prove by parol an agreement to convey land. We apprehend that such an objection was never before taken in a similar case. The agreement, as we have already stated, was fully performed, and it is generally understood that even part performance is sufficient to .avoid the statute. It would be a novel rule if a person receiving a deed in pursuance of a verbal agreement were prohibited from proving the agreement in order to maintain the deed. It is well settled that performance of an agreement relieves it from the operation of the statute. (Brown on Statute of Frauds, Sec. 116.)

But in addition to this, the objection was not taken by a party to the agreement. It was taken by a third person, who was not only a stranger to the agreement, but an intruder upon the land. The idea that such a person may avail himself of the statute is too preposterous for serious argument. If the parties are satisfied, there is an end of the question. (*Id.* Sec. 135.)

*George Cadwalader* and *J. J. De Haven*, for Respondent.

*First*—No new trial was ordered by this Court, for the reason that the judgment of the County Court, on which plaintiff relied for his title, was held to be void. If there had appeared a possibility to this Court of this defect in

plaintiff's chain of title being cured, a new trial would have been ordered, and under which the District Court could have proceeded to try the case anew.

If the order of this Court—"judgment reversed and cause remanded"—is the equivalent of an order directing a new trial, there is nothing in the point made by us; otherwise it is good.

The fact that the parties proceeded with the new trial without raising this question in the Court below, does not estop them here. (*Argenti* v. *San Francisco*, 30 Cal. 458.)

*Second* — The point of appellant is to the effect that although the deed of the Trustees was executed pursuant to the judgment, this simply made the deed voidable in equity. If this was so, why was not the principle adopted by the Court on the first appeal? There the precise question was, should the deed be admitted? It is not sufficient to say that the point was not made. (*Sullivan* v. *Triunfo Co.* 39 Cal. 459.)

The case, by the remittitur, went to the Court below, with the law of the case settled, that this deed was inadmissible, the judgment upon which it was founded being void. If we were to argue the admissibility of this deed for the appellant, we should think that we were drawing heavily on the credulity of the Court to urge that the Trustees of Eureka did make simply a voidable deed to Duff, after having ascertained that the lot belonged to Brewer. (*Branham* v. *San Jose*, 24 Cal. 585.)

As to appellant's claim that the recitals of this deed can be disregarded, we direct the attention of the Court to the fact that he claims an interest under the deed, and is concluded by its recitals. (*Donohue* v. *McNulty*, 24 Cal. 418.)

When the Court comes to examine the tenure of the town, it will see that it is nothing but a "dry legal estate," and that the power of the Trustees of the town is illustrated by the words: "Shall issue their certificate to the persons to whom the lots are awarded." (*Ricks* v. *Reed*, 19 Cal. 568.)

When it is recollected that the Board awarded the lot to Brewer, it almost exceeds belief that the distinguished

counsel upon the other side should urge that the certificate awarded to Duff was simply voidable.

That it is void is attested by the case of *Kisling* v. *Tomlinson* (13 Cal. 56) and *Oakland* v. *Carpentier* (21 Cal. 642.)

Here it may be remarked that the general doctrine of *Ricks* v. *Reed* (p. 573) shows that the appeal or proceedings in the County Court indefinitely suspended the award by the Trustees to Brewer.

*Third*—This suit was commenced August 24th, 1865. On the trial, plaintiff, to establish that he was the grantee of Charles Brewer, offered a deed from him dated September 4th, 1868, which was excluded on the ground that it was executed after the commencement of this suit. If the exclusion of this deed was not error, plaintiff cannot recover in this action, though the Court did, in fact, commit the error of which appellant's counsel complain. In other words, this question is decisive of the case. Therefore the question is, was the deed from Brewer to Ryan admissible in evidence? This precise question was decided in *Page* v. *O'Brien* (36 Cal. 559), which case affirms *Kile* v *Tubbs* (32 Cal. 339.)

The act of the Trustees being void and incapable of ratification (*Branham* v. *San Jose*, 24 Cal. 585), this claim of appellant is remarkably unsound. The first appeal had decided the deed to Duff to be void.

CROCKETT, J., delivered the opinion of the Court:

On the former appeal in this case (31 Cal. 11) the only points decided were : First—That the judgment of the County Court, ordering the Trustees of the town to convey the lot in controversy to Duff, was void, for the reason that, before the rendering of the judgment, the plaintiffs in the action, by an order entered of record, had abandoned their claim to the lot and withdrawn from the contest. We held that this put an end to the action, and that, therefore, the cause was not pending when the Court rendered the judgment. Second— That the stipulation signed by the respective counsel of Duff and Brewer was inoperative to give vitality to the judgment,

which was void for the reason above stated. Third—That said stipulation was insufficient to authorize and validate the conveyance from the Trustees to Duff. But, on that appeal, there was nothing before us, except the action of the Trustees · awarding the lot to Brewer, the proceedings in the County Court, including the stipulation of the counsel, and the conveyance to Duff made by the Trustees in accordance with the judgment. But, on the second trial, from the judgment in which this appeal is taken, it was proved that the stipulation of the counsel, in virtue of which the judgment of the County Court was rendered, was the result of a compromise agreed upon between Duff and Brewer, to the effect that in consideration of a conveyance to be made by Duff to Brewer, of another lot, Brewer waived his claim to the lot in controversy, and consented that it be conveyed by the Trustees to Duff; and the stipulations of the counsel, and the judgment rendered in pursuance thereof, were intended by the parties to effectuate this agreement on the part of Brewer. It was further proved that Duff had fully performed the agreement on his part, by conveying to Brewer the lot which he had agreed to convey. This proof was excluded by the Court, on the motion of the defendant, and this ruling is assigned by the plaintiff as the chief error relied upon on this appeal. We think the evidence was clearly admissible. In effect, it established an executed parol agreement between Duff and Brewer, whereby they agreed to an exchange of lots. Duff has performed his part of it, by conveying to Brewer the lot agreed upon, and Brewer has also performed, on his part, by causing the Trustees to convey to Duff the lot in contest, and has ratified the transaction by deeds made since the commencement of this action. Duff and Brewer are both content with the result, and neither complains of any wrong in the premises. We do not comprehend on what theory the defendant, who, so far as the record shows, is a mere intruder, without title or color of title, can be heard to say that the agreement between Duff and Brewer, for an exchange of lots, is void, under the Statute of Frauds. So long as the parties to the transaction are content with it, it is not for an intruder on the property, having no privity with Brewer, to

invoke for the protection of the latter the aid of the statute. But the parol agreement having been fully executed, the Statute of Frauds would afford no relief, even though Brewer himself was seeking its aid. Nor is it material that the conveyance from the Trustees to Duff recites that it was made in obedience to the judgment of the County Court, which judgment this Court has decided to be void. It now appears that it was made with the full consent of Brewer, to whom the lot was awarded by the Trustees, and in the performance of his contract with Duff; and though the method adopted of procuring the conveyance to Duff, through the medium of a judgment of the County Court ordering the conveyance to be made, may not have been an effectual method, if the Trustees had resisted it, nevertheless, not having resisted, but on the contrary, having made the conveyance to Duff, as Brewer intended and agreed they should, it is a valid and operative conveyance, of which Brewer is not only not complaining, but to which he assented before it was made, and which he has since expressly ratified in writing. Neither Brewer nor the Trustees are seeking to impeach the conveyance to Duff, which is not only not void on its face, but on the facts disclosed in this record, is a valid and operative deed, notwithstanding the judgment, which it recites, was a nullity, and may be rejected as surplusage. If all the recitals touching the action of the County Court in the premises be rejected as surplusage, there will remain operative words of conveyance sufficient to transfer the title ; and it now appearing that Brewer assented to it before it was made, we can imagine no theory on which it should be held to be void at the instance of a stranger to the transaction, not in privity with any of the parties to it.

Nor was the plaintiff precluded by the decision of this Court on the former appeal from proving the facts which were excluded by the District Court. Those facts were not before us on that appeal, and consequently there was no adjudication as to their legal effect. We simply held the judgment of the County Court to be void, and that the stipulation of the *counsel* was not a sufficient authority to the Trustees to make the deed to Duff. The questions raised

on the present appeal were not before us on the former one, and it does not admit of debate that, on the reversal of a judgment and a second trial, the parties may introduce new proofs in support of the complaint or defense, as the case may be. There is no force in the suggestion that the decision of this Court on the former appeal ended the case, so that it could not be re-tried. The order was, "judgment reversed and cause remanded." Unless it was apparent from the opinion of the Court that the adjudication was intended to be a final disposition of the cause, the effect of the reversal was only to set aside the judgment, that a new trial might be held. This point has been several times decided in this Court. (*Argenti* v. *San Francisco,* 30 Cal. 462 ; *Stearns* v. *Aguirre,* 7 Cal. 443 ; *Phelan* v. *San Francisco,* 9 Cal. 16.)

These are the only questions on the appeal which we deem it necessary to notice.

Judgment reversed and cause remanded for a new trial.