[No. 3,812.]

## DAVID W. HUSTON *v.* GEORGE W. WALKER.

CONTRACT BY PRE-EMPTOR TO CONVEY HIS LAND.—In ejectment brought by a pre-emptor, based on the patent issued to him, the defendant cannot set up, nor will a Court of Equity enforce, an executory contract to convey the land, entered into by the plaintiff before making proof and payment as a pre-emptor.

IDEM.—An executory contract, made by a pre-emptor before proof and payment, to convey the land after he receives a patent, is null and void.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The action was ejectment. The plaintiff had received a patent from the United States before the action was commenced. The defendant set up the equitable defense stated in the opinion, and asked the Court to decree that the plaintiff execute the agreement, by conveying the land to the defendant, and that the plaintiff be enjoined from asserting title to the premises.

The plaintiff had judgment, and the defendant appealed therefrom, and from an order subsequently made denying a new trial.

*Creed Haymond* and *Beatty & Denson*, for Appellant, argued that the plaintiff was not in a position to take advantage of the illegality of the agreement (if it was illegal), as that would be taking advantage of his own wrong. No one except the United States could complain, as no one else had been defrauded. They cited, 17 Johns. 175, 180; 2 Hill, 200; 9 Barb. 467; *Abbe* v. *Marr*, 14 Cal. 210; *Webster* v. *Haworth*, 8 Cal. 23; *Howe* v. *Scannell*, 8 Cal. 325; *Gregory* v. *Haworth*, 25 Cal. 653; *Davis* v. *Mitchell*, 34 Cal. 87.

*J. H. Budd*, for Respondent, cited, *Damrel* v. *Meyer*, 40 Cal. 166, and 5 U. S. Stats. at Large, 456.

By the Court, WALLACE, C. J.:

The plaintiff, holding the United States patent has the legal title to the premises in controversy, and the judgment

in his favor was correctly rendered, unless the action was barred by the Statute of Limitations, or unless the equitable defense set up by the defendant in possession will avail him.

1. The proof was substantially conflicting as to whether the possession had been adverse for the period of five years after the patent issued, and we will not disturb the finding upon that issue.

2. The equitable defense set up is based upon a supposed agreement between the plaintiff and one Bennett (under whom the defendant claims) by which agreement the plaintiff, at the time claiming the benefit of the Act of Congress of September 4th, 1841, entitled "an Act to appropriate the proceeds of the sales of the public lands and to grant pre-emption rights," and before making proof and payment as a pre-emptor covenanted that, upon receipt of a patent, from the Government, he would convey the premises in controversy to said Bennett.

It is too plain to merit discussion that this agreement is "null and void" under the 13th Section of the Act referred to (5 U. S. States at Large, p. 456; *Damrell* v. *Meyer*, 40 Cal. 166.) The law is well settled that an executory contract of that character cannot be enforced. It cannot become the foundation of relief for a party setting it up.

Judgment and order denying new trial affirmed—remittitur forthwith.

Neither Mr. Justice NILES, nor Mr. Justice McKINSTRY, expressed an opinion.