[No. 5587.]

## SAMUEL SNOW *v.* M. KIMMER ET ALS.

AGREEMENT IN VIOLATION OF PRE-EMPTION LAW.—An agreement with a pre-emptioner that his application for a patent shall not be opposed in the United States Land Office, is illegal and void.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

Plaintiff appeals.

In 1871 the plaintiff purchased and in 1872 he received a patent from the United States for certain improved land, situated in the County of El Dorado. From a time long prior to said purchase plaintiff had resided with his family upon said land, which is especially valuable for a spring of water thereon, appropriated and used by him for irrigating a variety of fruit-trees and garden vegetables. The defendants, prior to said purchase, had located a mining claim upon and were opening a tunnel through land adjoining that of plaintiff. At the time this suit was brought the defendants had extended their tunnel about one hundred feet within plaintiff's lines in the direction of said spring, the waters of which it had diminished, and if continued would drain and destroy. Alleging, after notice to desist therefrom, actual and threatened irreparable damage, plaintiff prays judgment against defendants for damages done, and a perpetual injunction restraining and inhibiting the further extension of said tunnel and the consequent injury.

Defendants by their answer deny the trespass and damage alleged to have been done or threatened, and for an affirmative defense aver as follows : " For a further answer defendants aver that they and their grantors and said McClure have been the owners and in the actual and undisturbed possession of said 'Northern Light Mining Claim' for more than ten years last past. That the same is about seven hundred feet wide, and runs diagonally through said southeast quarter of the southwest quarter of said section sixteen, and contains large, rich, and valuable deposits of gold-bearing earth and gravel. That for the purpose of opening and working said claim they commenced

about ten years since a tunnel about five hundred feet to the northeast of the north, east, and west line of said southwest quarter of the southwest quarter of said section sixteen, in order to reach the deposits of gold-bearing gravel on said forty-acre tract in said section sixteen.

"That about the —— day of ——, 1871, while said defendants and said McClure, or their grantors, were in possession of said mining claim, and actually running said tunnel to reach that portion of said 'Northern Light Mining Claim' in said forty-acre tract last described, said plaintiff being desirous of pre-empting said forty-acre tract last described, and purchasing the same from the United States as agricultural land in connection with other lands adjoining thereto, and well knowing that he could not do so if said defendants, their grantors, and said McClure should oppose him in so doing, he entered into the following verbal contract and agreement with them, in order that he might procure that portion of said last described forty-acre tract which was not included in said 'Northern Light Mining Claim,' and that the defendants, McClure, and their grantors, retain their said claim, which said agreement is as follows, to wit:

"That if said defendants, their grantors, and said McClure, would not oppose his application for said last described forty-acre tract, in the United States Land Office, and permit him to get a patent from the United States for the same, that he would, immediately on receiving such patent, convey to said defendants, their grantors, and said McClure, all the gravel or bottom of said 'Northern Light Mining Claim' on said forty-acre tract; that is to say, all the gravel on the bed-rock of said claim, to whatever depth the same might extend, and permit them to mine and enjoy the same as their own property. And defendants aver that neither they, their grantors, nor said McClure, ever opposed him in procuring such patent, but permitted him to apply for and procure such patent without let or hindrance.

"Defendants further aver that they, their grantors, and said McClure, at said time, were citizens of the United States, and eligible to enter and receive a patent to said land, and would have done so but for said agreement with plaintiff.

" Defendants further aver that in pursuance of said agreement, and acting in good faith, and under the belief that plaintiff would fulfill and carry out said agreement, they have all the time, up to the present, continued in possession of said claim, to run said tunnel to open the same, with the full knowledge and consent of plaintiff, under said agreement, and have already run it four hundred and ninety-eight feet through solid bed-rock, and at an expense of over three thousand dollars, in gold coin."

A demurrer to the foregoing averments, that they do not state facts sufficient to constitute a defense or counter-claim, and a motion to strike them from the answer, were overruled by the Court. At the trial, objections to evidence in support of such defense, that it was incompetent and irrelevant, were also overruled, and to all of said rulings plaintiff excepted.

Defendants had judgment, and plaintiff appeals.

*Chas. F. Gwin,* for Appellant.

I. The demurrer should have been sustained. The contract set up in that portion of the answer demurred to was *verbal* contract concerning real property, and invalid as being within the Statute of Frauds. (Civil Code, secs. 1624 and 1741; Code Civil Procedure, sec. 1971.)

If it be claimed that the contract was not for the sale of an interest in the land, but for an easement, we answer that a claim for an easement must be founded upon a grant by deed or writing, or by prescription. (*Wagner* v. *Hanna,* 38 Cal. 111.)

The answer alleges a *contract to convey,* and cannot be construed into a *parol license* to mine. A parol license must be for a temporary, and not to convey an estate in the land. (*Cook* v. *Stearns,* 11 Mass. 536.)

A contract of the kind set out in the fifth finding would clearly be the grant of an estate in real property without limitation. "To decide that a right to a permanent occupation of plaintiff's land may be acquired by parol, and by calling the agreement a license, would be in effect to repeal the statute." (*Mumford* v. *Whiting,* Wend. 380.)

2. The alleged contract, regarded either as an agreement for

the sale of the land, the granting of an easement therein, or as a parol license to mine out and remove a portion of the land, was an illegal contract, which the Courts will not enforce, and constituted no defense to the action.

"That is not lawful which is, first, contrary to an express provision of law; second, contrary to the policy of express law, though not expressly prohibited; or, third, otherwise contrary to good morals." (Civil Code, sec. 1667.)

Appellant was a pre-emptor, and before being allowed to enter the land in dispute was required to make oath before the Receiver or Register "that he had not directly or indirectly made any agreement or contract in any way or manner with any person whatsoever by which the title which he might acquire from the Government of the United States should inure in whole or in part to the benefit of any person except himself." (Rev. Stats. U. S. sec. 2262.)

This Court has passed upon agreements similar to the one here set up in the cases of *Damrell* v. *Meyer*, 40 Cal. 166, and *Huston* v. *Walker*, 47 Cal. 484.

3. Should the Court consider the alleged agreement in the light of a contract to convey, counsel begs leave to call their attention to the latter part of sec. 2262 of the Revised Statutes United States, which provides that "any grant or conveyance which he [the pre-emptor] may have made, [prior to making the affidavit] except in the hands of a *bona fide* purchaser for a valuable consideration, shall be null and void."

Defendants do not claim to be such purchasers. They had actual knowledge of the facts, and are presumed to know the law.

*George G. Blanchard*, for Respondents.

1. This agreement is a mining license. It conveyed no estate in the land, and was not within the Statute of Frauds. But if considered as a conveyance of an estate in the land, it was executed, and therefore taken out of the statute, and for the same reason not revocable.

That an executed parol agreement for the transfer of an in-

terest in land is not within the Statute of Frauds, see 12 N. Y. 364; 4 Comst. 403; 41 Barb. 619; Story's Equity Jurisprudence, 719 *et seq.*; 39 Cal. 639.

On the subject of license and that parol executed licenses are irrevocable, see *Rerick* v. *Kern*, 14 Serg. & R. 267–272; *Le Fevre* v. *Le Fevre*, 4 Serg. & R. 241; *Ricker* v. *Kelley*, 1 Me. 117; *Clement* v. *Durgin*, 5 Me. 9; *Androscoggin Bridge* v. *Brigg*, 11 N. H. 102; *Wilson* v. *Chalfant*, 15 Ohio, 248; *Sheffield* v. *Kelly*, 3 Kelly, 82; *Swartz* v. *Swartz*, 4 Barr, 353; *Winter* v. *Brockwell*, 8 East, 308; *Harmon* v. *Harmon*, 61 Me. 222; *Cook* v. *Prigden et al.* 45 Ga. 331; 2 Disn. 100; 4 Green, 142.

2. It seems from these findings that plaintiff is estopped from denying to defendants the right to mine out the gravel on the bed-rock of the Northern Light Claim.

As to estoppel: *Biddle Boggs* v. *Merced Mining Co.* 14 Cal. 367; *Davis* v. *Davis*, 26 Cal. 40; 31 Cal. 148; 40 Cal. 33.

As to estoppel by license: Cases cited above; *Rerick* v. *Kern*, 14 Serg. & R. 267–272; *Ricker* v. *Kelley*, 1 Me. 117; *Clement* v. *Durgin*, 5 Me. 9; *Androscoggin Bridge* v. *Brigg*, 11 N. H. 102; *Sacq* v. *Amot*, 33 Pa. St. 169; *Houston* v. *Laffee*, 46 N. H. 505.

3. The demurrer to plaintiff's answer was properly overruled. It was proper for defendants to plead and prove the license in justification and as a complete defense to the alleged trespass. If it would be no defense to ejectment, it is in trespass. (*Gronour* v. *Daniels*, 7 Blackf. 108; *Crabbs* v. *Fetrich*, Ibid. 373.)

By the COURT:

That portion of the answer which was demurred to presents no defense to the action. The agreement therein set up was in violation of the pre-emption laws of the United States, and was therefore illegal and void. The demurrer ought to have been sustained.

Judgment reversed and cause remanded, with an order to the Court below to sustain the demurrer.