LEOPOLDO VENEGAS, Mayor of Coamo, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent. IN RE GUILLERMO ORTIZ GUZMÁN, Defendant and Appellee.*

Nos. 697 and 5234. Argued July 7, 1930.—Decided July 30, 1930.

*Guerra Mondragón & Soldevila* for petitioner. *Leopoldo Tormes* and *Manuel A. Rivera* for appellee.

NOTE.—See *ante*, p. 108.

470

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 29 of the Municipal Law, as amended in 1928 (Session Laws, p. 356), provides that:

"The administrative officers shall be removed from office only by the mayor, from whose decision the officer removed may take an appeal, which shall be the only one allowed, before the corresponding district court, which shall consider and decide the questions of fact and law involved in the appeal within a term not exceeding thirty (30) days from the filing of the complaint on appeal."

The question is whether or not the judgment of the district court rendered on appeal from an order of removal made by a mayor is in turn appealable.

On the theory that this was not an action or special proceeding commenced in the district court within the meaning of section 295 of the Code of Civil Procedure, this court dismissed the appeal in case number 5234, and quashed the writ of certiorari previously issued in number 697. Later a rehearing was ordered and the motions to dismiss the appeal and to quash the writ were re-argued and readmitted. Neither of these motions, as originally presented, save in so far as both assume that the right of appeal depends upon the provisions of the Municipal Law, was based upon the theory adopted by this court on dismissing the appeal and quashing the writ. We are now disposed to give appellant in the one case and petitioner in the other the benefit of any doubt in this regard. See *Gutiérrez Vélez* v. *Monclova, per curiam* decision, April 19, 1927; *Carrero* v. *Diez & Pérez*, 27 P.R.R. 78; *Gutiérrez* v. *Monclova*, 39 P.R.R. 823; *Ryan* v. *Tomlinson*, 31 Cal. 11, 16; *Ricks* v. *Reed*, 19 Cal. 551, 573–574; *Marshall County* v. *Rivers*, 40 So. (Miss.) 1007, 1009; *García* v. *Humacao Fruit Co.*, 23 P.R.R. 230.

Senate Bill number 10, which when adopted by the Insular Legislature became "An Act establishing a system of local government for the municipalities of Puerto Rico" approved

April 28, 1928, was originally presented in Spanish. The English version is a translation. The words in section 29, *supra*, "which shall be the only one allowed" read in the Spanish text "*en un solo efecto*". The meaning is that the so called appeal there authorized shall not operate as a supersedeas. The official translation is incorrect, and the original Spanish must prevail.

It is true that the mayor, in passing upon charges preferred by himself or by another and in removing administrative officers of the municipality, acts in a quasi judicial capacity, but as the executive and administrative head of the municipality he is also an interested party. If the so called appeal be regarded as a special proceeding commenced in the district court, not as an ordinary appeal from the decision of a lower court, the mayor, when ordered by the district court to re-instate the administrative officer whom he has removed from office is an aggrieved party within the meaning of section 294 of the Code of Civil Procedure. Such an order is in substance and in effect a writ of mandamus, and there is no more reason why the mayor should be deprived of his right of appeal in the one case than in the other.

Both motions will be denied.

Mr. Justice Texidor took no part in the decision of this case.