## SECURITIES AND EXCHANGE COMMISSION v. C. M. JOINER LEASING CORPORATION et al.

District Court, N. D. Texas,
Dallas Division.

Jan. 31, 1944.

O. H. Allred and R. F. Milwee, Jr., both of Fort Worth, Tex., and John F. Davis and Louis Loss, both of Philadelphia, Pa., for the motion.

D. A. Frank, of Dallas, Tex., opposed.

ATWELL, District Judge.

This suit was brought in the early part of 1942 to restrain the defendants by virtue of the Securities Act of 1933, 48 Stat. 74, 15 U.S.C.A. §§ 77a to 77aa. The trial court refused the injunction as to Joiner. By agreement restraint was granted against Johnson. The plaintiff appealed and the judgment was affirmed. 5 Cir., 133 F.2d 241. The Supreme Court granted certiorari. 318 U.S. 755, 63 S.Ct. 994, and on November 22, 1943, reversed the trial court and the Circuit Court of Appeals. 64 S.Ct. 120, 125. The plaintiff moves for judgment on the mandate. The defendant contends that he is entitled to have a re-trial.

As interesting as may be the question from the construction of the statute defining securities, it would seem that the decision of the Supreme Court forecloses further debate in that direction and requires the court to grant the motion. The only question being the exact meaning of the Supreme Court's direction to this court.

Such direction is contained in three lines, to-wit, "We hold that the court below erred in denying an injunction under the undisputed facts of this case and its findings. The judgment is reversed."

There is a paucity of decision to light the way. Probably because it does not need any more light. "Reversed" means "setting aside, annuling, [or] vacating." Laithe v. McDonald, 7 Kan. 254, 268. Where a judgment is reversed and the cause remanded, the effect of the reversal is only to set aside the judgment, unless it is apparent from the opinion of the court that the adjudication was intended to be a final disposition. Ryan v. Tomlinson, 39 Cal. 639, 646. When the words "reversed" and "remanded" are used, it would be error, was said, in Myers v. McDonald, 68 Cal. 162, 18 P. 809, for the court below not to award a new trial. To the same effect is a direction by the appellate court that the cause is "reversed for proceedings consistent with this opinion." The mandate would not authorize the trial court to summarily enter judgment in favor of the victor in the appeal. Quisenberry v. Chenault, Ky., 97 S.W. 803.

The use of the sole word "reversed," means a reversal of the judgment nisi that terminates in the appellate court the suit without an adjudication of the merits and not a reversal with a remand for a new trial. Nashville, C. St. L. Ry. v. Bolton, 134 Tenn. 447, 184 S.W. 9.

It is hardly conceivable that the court intended that the cause should be reopened and re-tried. The opinion clearly indicates, though the court was not unanimous, that an oil lease, though an interest in real estate under the Texas law, which is exempted under the Securities Act, when negotiated with promises of development in and around the land leased, is within the meaning of the Securities Act. That is the only point in the case and the identical point upon which restraint was refused originally. The testimony showed that improper representations were made in effecting the sale of such leases. So that the facts remain as they are pleaded, and as they were disclosed. The law is announced by the court of last resort.

The motion must be granted.