## THE ANTOINE COMPANY v. THE RIDGE COMPANY.

WHERE the evidence is conflicting, a new trial will not be granted; and where, in such case, a motion is made for a new trial, on the ground that the verdict is not sustained by the evidence and overruled by the Court below, the presumption is that the verdict fairly accords with the convictions of the Judge who tried the cause, as well as the jury.

In an action for damages, for taking gold from a mining claim, the plaintiffs labor under great difficulty in proving the exact amount of damages they have sustained, and the defendants have the means in their power of showing the correct amount of gold taken out; and if they neglect to do so, they cannot complain that the jury by their verdict have fixed a large estimate upon the damages.

It is not necessary to prove the transfer of title of a mining claim by a written conveyance, but a parol transfer with delivery of possession is sufficient.

Since the amendment of the Practice Act, in 1861, the Clerk may insert the amount of the costs, within two days after they shall have been taxed or ascertained, in a blank left in the judgment for that purpose.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The facts are stated in the opinion of the Court.

*E. D. Wheeler*, for Appellant.

*Henry K. Mitchell*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of certain mining ground and damages caused by the working of the same. The plaintiffs recovered judgment for the possession of the property, for damages in the sum of $2,500, and costs amounting to $2,952.75. The defendants moved for a new trial, and to retax the bill of costs, which were denied, and they thereupon took this appeal.

The parties are the owners of certain mining claims on opposite

sides of a ridge or hill; and the main question in controversy was how far back upon the ridge or hill their respective claims extended. The first two points of error assigned by the appellants are, that the evidence as to the location of the claims does not sustain the verdict of the jury. The third point is, that the evidence does not show that the defendants trespassed upon the ground, even as claimed by the plaintiffs. The fourth point is, that the damages are excessive, and the verdict in this respect is not sustained by the evidence. The transcript in this case is very voluminous, containing five hundred and forty-seven pages, the greater part of which is made up of the evidence given on the trial which it seems occupied about twenty days of the time of the Court below. The evidence, as is usual in such cases, is very conflicting—especially upon the principal questions involved in the controversy. It is not claimed that the Court below erred in its instructions to the jury, or that any error of law occurred during the trial prejudicial to the defendants. Even if we should come to the conclusion, from a full and careful reading of the evidence in the record, that the testimony preponderated against the verdict of the jury upon these points, we would not be justified in setting it aside. We could not possibly obtain from a mere reading of the evidence, as full and clear a view of the true facts of the case as the Court and jury who tried it. The appellants insist that the jury were governed by passion and prejudice in the action; but it is not charged that the Judge who tried the case was governed by any such feelings. He heard all the testimony of the witnesses as it was given to the jury, and the law has vested him with the power to grant a party, against whom a verdict has been rendered, a new trial, in all cases where, in his opinion, the verdict is against law, or the evidence is insufficient to justify it, or where the damages are excessive and appear to have been given under the influence of passion or prejudice. This power is a very important one in the protection of the rights of parties litigating in Court. Courts should be liberal in granting new trials in all cases where the Judge who tried the case is satisfied that the verdict is not sustained by the evidence, or that the jury were influenced by passion or prejudice. The law has vested this power in the *nisi prius* Courts, to be exercised discreetly, in

Antoine Company *v.* Ridge Company.

order to secure the rights of all parties.   Thus, the verdict should fairly accord with the judgment and convictions of the Judge, as well as the jury, before the judgment rendered thereon should be allowed to stand.   When a motion for a new trial has been made and overruled by the Court below, the presumption is that the opinions of the Judge and jury harmonize in support of the verdict.   It is for that reason, and the fact that it is impossible for this Court to form as correct a judgment and conclusion of the proper weight to be given to the evidence of the witnesses, that we decline, as a general rule, to set aside, upon such grounds, a verdict thus acted upon.   The record in this action does not present a case which would justify us in departing from this salutary and established rule.   As to the question of damages, the plaintiffs, as is usual in mining cases of this kind, labor under great difficulty in proving the exact amount of damages they have sustained, as the evidence of the amount of gold taken out by the defendants from the ground claimed by the plaintiffs is necessarily almost excusively confined to or under the control of the defendants.   The plaintiffs were compelled to rely to a great extent upon the judgment and estimates of men who were not fully acquainted with the facts.   If this resulted in causing the jury to return too large a verdict of damages, the defendants are themselves principally to blame ; for they had the means in their own power of showing the correct amount of gold taken out by them, or at least of making the most accurate estimate of the amount.

The fifth point assigned as error by the appellants is, that the plaintiffs failed to connect themselves with the title of the original locators of their claim.   They allege in their complaint the location of their claim in 1852 by certain persons, and that they have acquired the title of such original locators.   They also allege that they were the owners and in possession of the mining ground at the time of the entry by the defendants.   The defendants in their answer deny these allegations, and thus issue was taken upon them by the parties.   If the plaintiffs proved by competent evidence that they were the owners and in possession of the mining ground at the time of the defendants' entry, they did all that was necessary to sustain their title and right of action.   The presumption is that

Antoine Company v. Ridge Company.

the verdict of the jury is correct, and that the evidence was sufficient to sustain the verdict. This presumption is not rebutted by showing that the plaintiffs failed to deraign a title from the original locators to themselves, even though that kind of title was alleged in the complaint. The particular kind or character of title claimed by the plaintiffs was immaterial, so that they proved a better and superior right and title to the possession of the premises than that of the defendants. It was only necessary for them to prove by competent evidence that they were entitled to the possession of the premises in controversy, as against the defendants, to enable them to maintain the action. To do so it might, or might not become necessary to trace their title back to the original locators of the claim. They introduced evidence sufficient to establish their right to the possession, and that is sufficient to sustain the verdict and judgment. It was not necessary to prove a transfer of the title by written conveyances; but a parol transfer, with a delivery of the possession, was sufficient, as has been repeatedly decided by this Court. (14 Cal. 22; 20 Id. 198.) This point therefore is not tenable.

The sixth point is, that the item of costs inserted in the judgment should be stricken out, on the alleged ground that the bill of costs was not filed until after the judgment was entered, and after the Court had adjourned for the term. The appellants referred to the case of *Chapin v. Broder* (16 Cal. 419) to sustain their position. The record does not show that the bill of costs was filed after the entry of the judgment, or after the adjournment of the Court for the term. From the record, it would appear that the alleged grounds of this motion do not exist. But even if they did exist, they would not be sufficient to sustain the motion of the appellants. After the decision in the case of *Chapin v. Broder*, the Legislature, in 1861 (Stat. 1861, 494), amended Sec. 511, thereby authorizing the Clerk to insert the amount of the costs within two days after they shall have been taxed or ascertained in a blank left in the judgment for that purpose. This point is therefore overruled.

These are all the points assigned by the appellants; and as no error appears in the proceedings in the Court below, the judgment is affirmed.