[No. 12489. Department One. — October 8, 1889.]

JAMES F. O'HANLON, APPELLANT, v. WILLIAM DENVIR, RESPONDENT.

PLEADING — MONEY DUE — ALLEGATION OF NON-PAYMENT. — In an action to recover money alleged to be due on a contract, an averment in the complaint that the defendant, although thereto often requested by plaintiff, has "failed, neglected, and refused to pay" said money, or any part thereof, is a sufficient allegation of non-payment, when tested by a general demurrer.

PUBLIC LANDS — POSSESSOR MAY CLEAR LANDS FOR CULTIVATION. — A person in the possession of public lands of the United States has a right to clear the same of scrub-oaks and other wild shrubbery, for the purpose of preparing it for cultivation.

ID. — IMPROVEMENTS ON PUBLIC LAND MAY BE SOLD. — Improvements erected upon public lands of the United States, by one in the mere possession thereof, may be sold, and constitute a good consideration for the promise of the buyer to pay the agreed price.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

B. B. Newman, and William Rix, for Appellant.

William H. Fifield, for Respondent.

BELCHER, C. C. — The only question presented by this case is, whether the complaint stated a cause of action when tested by a general demurrer. The court below held that it did not, and gave judgment for defendant, from which the plaintiff has appealed. The facts stated

in the complaint are in substance as follows: The plaintiff and defendant were "in the actual possession as joint owners and tenants in common of all the possessory rights and improvements upon" certain lands described by legal subdivisions according to the government surveys. The improvements consisted of "dwelling-houses, the clearing of a portion of the land of scrub-oaks and other wild shrubbery, constructing roads leading to and upon the land, planting grape-vines thereon, and other improvements, all of which were made by plaintiff and defendant as such joint owners and tenants in common." While the parties were such owners, and so in possession of the premises, they mutually agreed that plaintiff should, and he did, "relinquish, sell, and assign to defendant all his right, title, and interest in and to said possessory claims, possession, and improvements"; and in consideration therefor the defendant agreed to pay plaintiff, on demand, the several sums of money expended by him in making the improvements, etc., and also the reasonable value of his work, labor, and services. It was agreed between the parties that the sums of money so expended amounted to $632, and the alleged value of the labor and services was $325; but "the defendant, although thereto often requested by plaintiff, has failed, neglected, and refused to pay" these sums of money, or any part thereof.

It is argued for respondent that the demurrer was properly sustained, because the complaint contained no sufficient averment of non-payment, and in support of this position Scroufe v. Clay, 71 Cal. 123, is cited. That was an action on a promissory note, and the averment was that the defendant "has refused, and still refuses, to pay," etc. The complaint was demurred to on the ground that there was no allegation of non-payment, and the demurrer was overruled. It was held in this court that the demurrer should have been sustained; the court saying: "The averments of the complaint are not-

equivalent to an averment of non-payment. The failure to pay constitutes the breach, and must be alleged." We do not think that case at all in point for respondent. Here it is not only alleged that defendant had refused to pay, but that he had failed and neglected to do so. This was a direct allegation of "the failure to pay," and was clearly sufficient.

It is also urged that the lands described must be presumed to be public lands of the United States, because the complaint speaks of possessory rights upon them. And this being so, it is said that "the clearing of a portion of the land of scrub-oaks" was illegal, and the defendant's promise to pay for either the timber or the labor and money expended in doing this illegal act was void; citing *Ladda* v. *Hawley*, 57 Cal. 51, and *Swanger* v. *Mayberry*, 59 Cal. 91. We do not see that any necessary presumption arises that the lands were public lands. One may have "possessory rights" to land the title of which has passed from the government. But conceding that the respondent is right in his assumption, still the cases cited only hold that one is not permitted to cut or sell the timber growing upon public land, but he may "occupy, settle upon, and use the land for the purpose of settlement, which would, of course, include the right of clearing away the timber for the purpose of cultivation or occupation." Now, scrub-oaks can hardly be said to be the timber which the government forbids any one to cut and sell from its lands. Some of the meanings of the word "scrub," as defined by Webster, are: "Something small and mean"; "close, low growth of bushes; low underwood"; "mean; dirty; contemptible; scrubby." It would seem, therefore, that when the plaintiff and defendant cleared a portion of the land of scrub-oaks and other wild shrubbery, they were preparing the land for the purpose of planting grape-vines thereon, or other cultivation, and were doing nothing more than they were authorized to do.

It is further claimed that an agreement to sell a
" possessory right " to public lands prior to entry and
payment is void, and that by removing from the land
described plaintiff relinquished to the government all
his rights to it, including his improvements; that there
was therefore no consideration for defendant's promise
to pay.     Counsel    cite,   in   support   of   this   position,
*Damrell* v. *Meyer*, 40 Cal. 166, and *Huston* v. *Walker*, 47
Cal. 484.   These cases decide that an agreement by a
pre-emptioner upon public land, prior to entry and pay-
ment, to sell the land to or divide it with another, after
he shall have obtained title, is void.   The decisions are
undoubtedly correct, but no such question arises here.
The single question presented here is, Can one who has
made improvements on land, admitting it to be public
land, sell his improvements to another? and does the
sale constitute a good consideration for a promise to pay
the agreed price?   We know of no law, federal or state,
forbidding such a sale, and of no decision by any court
upholding respondent's theory.   We conclude, therefore.
that the demurrer was improperly sustained, and we
advise that the judgment be reversed, and the cause
remanded, with directions to the court below to overrule
the demurrer.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment is reversed, and cause remanded,
with directions to the court below to overrule the de-
murrer.