[No. 12993. Department Two. — November 12, 1890.]

## HERBERT GARDNER, RESPONDENT, *v.* J. W. DONNELLY ET AL., APPELLANTS.

ATTACHMENT—UNDERTAKING FOR RELEASE OF PROPERTY ATTACHED— ORDER OF RELEASE—RETENTION BY SHERIFF. — In an action upon an undertaking given to procure the release of an attachment, where the condition of the undertaking was, that the property should be released from the attachment, and not that it should be released from the possession of the sheriff, if it appear that an order for the release of the attachment was made by the court, the fact that the sheriff retained possession of the property after the court ordered the attachment discharged and the property released is no defense to the action, as the retaining of possession by the sheriff thereafter was wrongful, and not for the plaintiff.

ID. — COMMOM-LAW UNDERTAKING — ONEROUS CONDITIONS — RECEIPT OF BENEFITS — ESTOPPEL. — An undertaking given to procure the release of an attachment becomes binding upon its makers as a common-law obligation when the order of court discharging the attachment is obtained, and cannot be repudiated in an action upon it by those who asked for and received its benefits, even if its conditions are more onerous than those of the statutory undertaking.

ID. — ACTION UPON UNDERTAKING — MATURITY OF CAUSE OF ACTION — DEMAND — LIABILITY OF SURETIES. — Where the undertaking for the release of an attachment provides that the defendant in the attachment suit will, on demand, pay to the plaintiff the amount of whatever judgment may be recovered in the action, when demand for payment of the judgment is made upon the defendant and refused, the sureties become immediately liable, without demand upon or notice to them, and a cause of action at once accrues against them, and an action may be brought upon the undertaking immediately, without waiting for the day to expire in which the demand was made upon the defendant.

ID. — PLEADING — DEMAND AND REFUSAL — GROUND OF SPECIAL DEMURRER — NON-PAYMENT — PART PAYMENT. — Where the complaint in an action

upon such undertaking alleges that demand was made upon the defendant "for the payment of said judgment, with interest thereon, and costs," and that defendant neglected and refused to pay the balance due on said judgment, or any portion thereof, the allegation of demand and refusal is sufficient, in the absence of a special demurrer, even if a portion of the judgment had been already paid at the time of the demand, and such allegations sufficiently aver non-payment of the remainder of the judgment if the complaint discloses what amount had been paid and credited thereon.

JUDGMENT ON THE PLEADINGS. — When the complaint states a cause of action, and the answer discloses no valid defense to the action, judgment on the pleadings in favor of the plaintiff is properly entered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*O'Brien, Morrison & Daingerfield,* and *Edward S. Salomon,* for Appellants.

*George D. Collins,* and *R. B. Mitchell,* for Respondent.

BELCHER, C. C. — This is an action upon an undertaking given to procure the release of an attachment levied on the property of the defendant Donnelly. The court below gave judgment for the plaintiff on the pleadings, and the defendants appeal. It is alleged, in the complaint, that the plaintiff commenced an action against Donnelly to recover the sum of $630, with interest; that a writ of attachment was duly issued in the action and levied by the sheriff upon certain personal property of the said defendant; that, four days thereafter, Donnelly, as principal, and the other defendants, as sureties, executed a written undertaking, which, after reciting the commencement of the action and the issuance and levy of the attachment, proceeds as follows: "And whereas, the said defendant J. W. Donnelly is desirous of having said property released from said attachment, now, therefore, we, the undersigned, residents and freeholders in the city and county of San Francisco, in consideration of the premises, and also in consideration of the release from

said attachment of the property attached, as above mentioned, do hereby jointly and severally undertake, in the sum of thirteen hundred dollars, and promise that in case the plaintiff recovers judgment in the action, the defendant will, on demand, pay to plaintiff the amount of whatever judgment may be recovered in said action, together with the percentage, interest, and costs, the same to be paid in United States gold coin, if so required by the terms of the judgment."

It is then further alleged that the undertaking was duly approved by the judge of the court, and filed in the action, for the use and security of the plaintiff; that thereupon, "in consequence and in consideration of said undertaking on the part of these said defendants, said property so, as aforesaid, attached, and so, as aforesaid, held, by the said sheriff of said city and county, under and by virtue of said writ of attachment issued in said action, was, upon motion of the said defendant J. W. Donnelly, ordered to be released from said attachment, and said attachment was ordered discharged by an order of said superior court, therein duly given and made in the words and figures following" (setting out a copy of the order), and that, "immediately upon filing of said undertaking, and in consideration thereof, the property so attached, as aforesaid, was released from said attachment"; that, subsequently, the plaintiff recovered a judgment against Donnelly for $630, with interest and costs, and that an execution thereon was taken out and placed in the hands of the sheriff, who returned it unsatisfied, except as to the sum of $60.06, which sum was duly credited on the judgment; that thereafter, and prior to the commencement of this action, demand in writing for the payment of the judgment, together with interest thereon, and costs, was made upon the defendants, but they, and each of them, wholly neglected and refused, and still neglect and refuse, to pay the balance due on the judgment, or any portion thereof.

For answer, the defendants admit all the averments of the complaint, except as follows: They allege that the sheriff, upon due demand made upon him by the attorneys of defendant Donnelly for the release of the attached property, in compliance with the order of the court, refused to release the same from attachment, and never did release the same, and the said property never was restored to said defendant, and that the conditions of the undertaking were therefore never complied with. They further deny that they are indebted to the plaintiff in the sum demanded, or in any other sum, or at all, by reason of the undertaking mentioned in the complaint.

1. In support of the appeal, counsel for appellants contend that a material issue was raised by the answer as to the release of the attached property, and that hence a judgment on the pleadings could not properly be granted. They say: "The answer admits that an order for release had been made, as set forth in the complaint, but the fact that the sheriff disobeyed said order, and held on to the property, is a defense. The sheriff seized the property at the instigation of plaintiff. The defendants here entered into the bond in suit on condition that the possession of the property should be restored to the attachment debtor. . . . . The sheriff was plaintiff's agent in seizing the property. He was presumptively his agent in refusing to release the property. It was plaintiff's duty to make the sheriff let go, before a right of action on this bond could accrue." (Citing *McMillan* v. *Dana,* 18 Cal. 339.)

In the case cited, the facts on which the action was based are almost identical with those involved here, and the court, after setting out a copy of the undertaking sued on, proceeds to say: "The complaint avers that, after the execution and approval by the court of this paper, and in consequence and consideration of such undertaking, the said property and moneys so attached were released from said attachment, 'as by the order of

said court, made by the judge thereof, and filed in said court.' The order of the court is set out, which releases and discharges the property attached from the attachment. The court, on the trial, granted a nonsuit, upon the ground, it seems, that there was no averment in the complaint that the property attached was actually released and delivered to the defendant. . . . . In the present instance, the defendants promise, in consideration of the release of the property from the attachment, that, in the event of a recovery of the judgment by the plaintiff, they will pay the amount of the judgment. The complaint avers that this property was released by order of the judge, and the order of release is set out. The object of giving the undertaking was to procure this release, and this release was had in consequence of the undertaking; and the consideration of the undertaking, therefore, is the release so procured. In consideration of this release, the obligors agree to pay the judgment. Whether the property was redelivered to Vischer or not, was wholly immaterial. The plaintiff in attachment, after the giving of the undertaking and the order of the judge, had no further claim on it. Nor does it matter whether the property was subject to attachment or not. That matter cannot be tried in this collateral way. It is enough that the plaintiff had this property levied on, as subject to his debt, and that these sureties procured its release upon the stipulation that, in consideration of such release, they would pay the amount of the judgment to be recovered by the plaintiff in the attachment suit."

In this case, the condition of the undertaking was, not that the property should be released from the possession of the sheriff, but from the attachment; and when the court ordered the attachment discharged, and the property released, this was fully accomplished, whether the sheriff still retained possession of it or not. If he did retain the possession, he did so wrongfully, and not for

the plaintiff, unless he had some other process in his hands which justified his action. We are unable to see, therefore, why the case above referred to was cited, or how it could be supposed to support the contention of appellants. It seems, on the contrary, to be directly opposed to their theory, and to decide fully, fairly, and correctly the point presented against them.

It is further urged that the undertaking contains conditions not at all like those required by sections 554 and 555 of the Code of Civil Procedure, and that it is more onerous than the statutory undertaking, and therefore void on its face. But conceding all that is said of the undertaking to be true, still the conclusion does not follow. Section 540 of the same code also provides that an undertaking may be given when property "has been or is about to be attached," and we think the undertaking in question good under that section. Whether it be so or not, however, is immaterial. It was given for a purpose, which was accomplished when the order of the court was obtained, and it then became binding on its makers as a common-law obligation, and cannot now be repudiated by those who asked for and received its benefits.

2. The point is made that the complaint was prematurely filed as against the sureties, and therefore that it does not state facts sufficient to constitute a cause of action against them. This point is rested upon the fact that the complaint appears, from the indorsement thereon, to have been filed on the same day that demand for the payment of the judgment is alleged to have been made and refused. The argument is, in substance, that the liability of the sureties depended on a demand on Donnelly, and that they could have extinguished the obligation by an offer to perform, made within "reasonable hours" thereafter, and hence that they were not in default until midnight, or, at least, until the last "reasonable instant" of the day on which demand was made had

expired. (Citing section 1490 of the Civil Code.) The section cited is in the title relating to the extinction of obligations, and in the chapter headed "Offer of Performance." It reads as follows: "Where an obligation fixes a time for its performance, an offer of performance must be made at that time, within reasonable hours, and not before nor afterwards." Evidently, this section has no application to the point in hand. The undertaking was, that Donnelly would pay the amount of the judgment on demand; and when demand for its payment was made and refused, he was in default, and his sureties became immediately liable, without demand or notice. (Civ. Code, sec. 2807.) A cause of action then at once accrued against all of the defendants, and the plaintiff could institute and maintain his action without waiting for the day to expire. (*Green* v. *Robertson*, 64 Cal. 75.)

It is also claimed that the alleged demand was insufficient, because it was "for the payment of said judgment, with interest thereon, and costs," and a portion of the judgment had already been paid. There might be something in this point if the defendants had offered or shown a willingness to pay the amount still due, but, as alleged, they and each of them neglected and refused "to pay the balance due on said judgment, or any portion thereof." We think the allegation of demand and refusal sufficient, certainly in the absence of a special demurrer.

3. Finally, it is urged that the judgment should be reversed, because there was no sufficient averment in the complaint of non-payment; and in support of this position counsel cite *Scroufe* v. *Clay*, 71 Cal. 123. In answer to this, it is enough to say that the same point was considered and overruled in *O'Hanlon* v. *Denvir*, 81 Cal. 60; 15 Am. St. Rep. 19; *Rankin* v. *Sisters of Mercy*, 82 Cal. 88; and *Grant* v. *Sheerin*, 84 Cal. 197.

In our opinion, judgment on the pleadings was properly entered, and we therefore advise that it be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.