[Civ. No. 2481. Second Appellate District, Division One.—February 6, 1920.]

## C. E. ZIMMERMAN, Respondent, v. THOMAS W. PRIOR et al., Appellants; CITY OF VENICE (a Municipal Corporation), Defendant and Respondent; DANA BURKS et al., Defendants.

[1] PLEADING—ACTION FOR LABOR AND SERVICES PERFORMED—SUFFICIENCY OF ALLEGATION OF NONPAYMENT.—In an action to recover for labor and service performed, an allegation of nonpayment that no part of the claims sued on ''had been paid by the defendants, or any, or either, of them,'' is sufficient.

[2] ID.—ACTION AGAINST MEMBERS OF ASSOCIATION—SUFFICIENCY OF STATEMENT AS TO CONTRACT.—A complaint alleging that the defendants, prior to entering a contract with plaintiff, formed a voluntary association, that said association employed plaintiff to perform labor and services in the repair of certain streets, that such services were performed as agreed, and that plaintiff had not

been paid by the defendants, or any, or either, of them, is sufficient as to the statement of a good contract.

[3] ID.—RIGHT TO RECOVER FROM INDIVIDUAL MEMBERS OF ASSOCIA. TION.—In such an action, recovery from the individual defendants, members of the association that employed plaintiff, is expressly authorized under the provisions of section 388 of the Code of Civil Procedure.

[4] APPEAL—FINDINGS—EVIDENCE—PRESUMPTION.—Where the appeal is on the judgment-roll alone, it will be presumed that the evidence was sufficient to support the findings of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. Coil and C. E. McDowell for Appellants.

Goudge, Robinson & Hughes and E. O. Leake for Respondents.

JAMES, J.—This action was brought against the defendants to recover for labor and services performed. Certain of the defendants have appealed from the judgment entered against them. As to these defendants, it was alleged in the complaint that, prior to entering into the contract with the plaintiff and his assignors, they had formed a voluntary association, known as the Venice Road Race Association; that said association employed plaintiff and his assignors to perform labor and services in the repair of public streets in the city of Venice; that services were performed as agreed and that no part of the claims "had been paid by the defendants, or any, or either, of them." The court made findings determining the facts that said association had been formed and that appellants were members thereof; that the services of plaintiff and his assignors had been performed at the request of said association and the association had agreed to pay the reasonable value thereof, and that "no part or portion of either or any of said amounts has been paid to either or any of said persons." The court made further finding that

3. Personal liability of member of voluntary association not organized for personal profit on contract with third person, note, 7 A. L. R. 222.

the association, at the time the services were performed, was engaged in promoting, for the purpose of advertising the city of Venice, a road race, and that appellants were at the time engaged in conducting an amusement enterprise in said city of Venice and expected, as the result of the holding of said race, to derive a profit therefrom.

Appellants first contend that the complaint failed to state facts sufficient to constitute any cause of action. This upon two main grounds: First, that the allegation of nonpayment of the debts was insufficiently stated; second, that the complaint failed to show sufficient consideration moving to the appellants to sustain the alleged contracts. [1] The allegation of nonpayment, we think, was sufficient. The criticism made in certain cases wherein it was held that the words "due and owing" were not tantamount to an allegation of nonpayment because they expressed mere conclusions of law, such as *Knox* v. *Buckman Contracting Co. et al.,* 139 Cal. 598, [73 Pac. 428], and *Roberts* v. *Treadwell,* 50 Cal. 520, is not applicable here. The allegation here made is as to the fact and directly that the defendants had not paid any part of the debt. This allegation, we think, is sufficient under decisions made in *O'Hanlon* v. *Denvir,* 81 Cal. 60, [15 Am. St. Rep. 19, 22 Pac. 407]; *Rankin* v. *Sisters of Mercy,* 82 Cal. 88, [22 Pac. 1134]; *Gardner* v. *Donnelly,* 86 Cal. 367, [24 Pac. 1072].

[2] We think, also, that the complaint in its allegations was sufficient as to the statement of a good contract, for it was alleged that services were performed at the request of the association and that the latter promised to make payment of the reasonable value thereof. [3] The recovery from the individual defendants, members of an association, is expressly authorized under the provisions of section 388 of the Code of Civil Procedure. [4] The appeal being on the judgment-roll, it will be presumed, of course, that the evidence was sufficient to support the findings of the court.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.