Syllabus.

# Wytheville.

## R. M. FOSTER AND H. KUNATH *v.* W. A. WILSON.

June 12, 1924.

Absent, Burks, J.

1. ATTACHMENT—*Forthcoming and Delivery Bonds—Bond not Good as Forthcoming Bond Good as Common Law Bond.*—A bond prepared by counsel for the obligors recited attachment proceedings and the desire of the debtor to retain the lumber attached, and was conditioned to produce the property attached at such time and place as the court might require and to perform the judgment of the court. This bond was taken by the clerk of court without the knowledge or consent of the sheriff or the attaching creditor, and filed with the papers in the attachment proceeding.

   *Held:* That manifestly the bond did not comply with the provisions of section 6394 of the Code of 1919, but was a valid common law obligation, enforceable according to its terms.

2. ATTACHMENT AND GARNISHMENT—*Forthcoming and Delivery Bonds—Sheriff to Pass Upon.*—Section 6394 of the Code of 1919 makes the sheriff the officer who shall pass on the form and amount of penalty of a forthcoming bond and the sufficiency of the surety.

3. ATTACHMENT AND GARNISHMENT—*Forthcoming Bonds—Amount of Penalty.*—A forthcoming bond under section 6394 of the Code of 1919 the penalty should be for at least double the amount for which the attachment issued, or double the value of the property retained or returned, at the option of the person giving the bond.

4. ATTACHMENT AND GARNISHMENT—*Bond to Preform the Judgment of the Court—Amount of Penalty.*—A bond with condition "to preform the judgment of the court" should be executed by the principal defendant in a penalty at least double the amount or value for which the attachment issued.

5. ATTACHMENT AND GARNISHMENT—*Possession of Property—Attachment Bond—Forthcoming Bonds.*—Under the terms of section 6394 of the Code of 1919 the officer levying an attachment is not required to take possession of the property unless the plaintiff has given bond and where no such attachment bond is given there is no necessity for the defendant to execute a forthcoming bond in order that the possession

of the property may be "retained by or returned to" the defendant in the attachment.

6. ATTACHMENT AND GARNISHMENT—*Forthcoming Bonds—Common Law Bond.*—A voluntary obligation for the release of attached property is a valid common law obligation, and although an undertaking may be defective as a statutory bond, or for the purposes of the statutory remedy, yet if voluntarily entered into and supported by sufficient consideration, it is good as a common law obligation, and may be enforced as such.

7. ATTACHMENT AND GARNISHMENT—*Release Bond Prepared by Obligors—Construed Against the Maker.*—Where a release bond in attachment proceedings was prepared by counsel for the obligors without notice to opposing counsel or opportunity on their part to suggest its form or object to its terms, if there is doubt or ambiguity the words of the instrument should be construed most strongly against the obligors.

8. ATTACHMENT AND GARNISHMENT—*Forthcoming Bonds—Conditions—Election between two Conditions.*—Where, in attachment proceedings, a release bond prepared by the obligors was conditioned that the bond should be void if the debtor should have the property attached forthcoming at such time and place as the court might require, and should preform the judgment of the court, the obligee in the bond had the right to elect to hold the obligors for the preformance of either one or both of the conditions, and the obligee having elected to sue for the breach of the condition to "preform the judgment of the court," the obligors cannot be heard to plead in defense of the action, "conditions preformed" as to the obligation to have the property forthcoming at such time and place as the court might require.

9. INTERPRETATION AND CONSTRUCTION—*Technical Words.*—It is a cardinal rule of construction that in construing a written instrument, technical words will be taken in their technical sense, and words of a definite legal significance will be understood as used in such sense, unless there appear in the writing a manifest intention of using them in a different sense.

10. ATTACHMENT AND GARNISHMENT—*Bond Conditioned to Preform the Judgment of the Court.*—The statute law of this State touching bonds in attachment cases, for the past 100 years, has provided for a bond, with condition to "perform the judgment of the court." These words have acquired a definite legal meaning, to-wit, to pay such money judgment as may be rendered against the defendant in the attachment. The words "perform the judgment of the court" cannot be limited to a judgment of the court to have the property forthcoming at a certain time and place.

11. INTERPRETATION AND CONSTRUCTION—*Words not to be Treated as Meaningless.*—The well settled rule of construction is, that no word in a

contract is to be treated as meaningless, if any meaning reasonable and consistent with other parts of the contract can be given to it.

12. INTERPRETATION AND CONSTRUCTION—*Surrounding Circumstances—Practical Construction.*—Where an instrument is ambiguous or doubtful, the court will look at the surrounding facts and circumstances and give great weight to the construction placed upon the contract by the parties themselves in ascertaining its true meaning.

Error to a judgment of the Circuit Court of Lunenburg county, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*George E. Allen* and *Henry E. Lee,* for the plaintiffs in error.

*N. S. Turnbull, Jr.,* for the defendant in error.

WEST, J., delivered the opinion of the court.

R. M. Foster and H. Kunath complain of a judgment against them in an action of assumpsit, wherein they were defendants and W. A. Wilson was plaintiff.

The uncontroverted facts, as shown by the record, are as follows:

On the 28th day of February, 1921, Wilson sued out a foreign attachment against one P. M. Frampton and William E. Foster, partners, trading as the Frampton-Foster Lumber Company, and R. M. Foster, codefendant. On March 5, 1921, the sheriff of Lunenburg county levied the attachment on 50,000 feet of sawed lumber, on the sidetrack of the railroad of C. M. Hailey; 25,000 feet of lumber on the sawmill yard on the

old Ogburn tract of land; one Lane sawmill; one forty horse power boiler; two two-horse wagons; three mules; one twenty-five horse power Erie engine; one edger, belts, etc.; and one G. M. C. two-ton truck, as the property of the principal defendants, in the possession of R. M. Foster, codefendant.

At the time of the levy, R. M. Foster was managing the business of the Frampton-Foster Lumber Company in Lunenburg county and had charge of the work of manufacturing and shipping their lumber. Prior to the levy, R. M. Foster had accepted for the company orders for two carloads of the lumber levied on. He was instructed by the company to give a bond under which he might be permitted to ship the lumber. The bond, upon which this suit was instituted, was executed by R. M. Foster and H. Kunath, Kunath signing the same for the accommodation of Foster. This bond was prepared by counsel for the plaintiffs in error and was taken by the clerk of the circuit court in the absence and without the knowledge or consent of the sheriff, or of the defendant in error, and filed with the papers in the attachment proceeding of *Wilson* v. *Frampton-Foster Lumber Company.* The sheriff first learned of the execution of the bond after this suit was instituted, and never at any time took possession of any of the property levied on.

After reciting the attachment proceeding, the levy on the manufactured lumber and the desire of Frampton and Foster to retain the lumber, the bond contained the following condition: "Now if said Frampton-Foster Lumber Company shall have the said lumber forthcoming at such time and place as the Circuit Court of Lunenburg county may require, and shall perform the judgment of said court, then this obligation to be void, otherwise to remain in full force and virtue."

The court overruled their motion to quash the attachment and entered judgment against P. M. Frampton and William E. Foster, trading as Frampton-Foster Lumber Company, in favor of Wilson for $1,850.00. The judgment makes no reference to the attached effects, which were still in the possession of Frampton-Foster Lumber Company. The formal order granting the judgment was drawn by counsel for plaintiffs in error and entered by the court as presented.

On March 15, 1922, the judgment being unpaid, Wilson instituted this action of assumpsit upon the bond above referred to. The defendants pleaded the general issue and filed a plea of conditions performed and a special plea in writing, and contended that the bond was a forthcoming bond, while plaintiff insisted that it was not a forthcoming bond, but a bond to pay whatever judgment the court might render in the cause.

The case was heard by the court, without the intervention of a jury, the special plea was rejected, and judgment rendered for the plaintiff for the penalty of the bond to be discharged by the payment of the sum of $1,850.00, and the costs in both cases. To that judgment this writ of error was awarded.

The plaintiffs in error rely upon two assignments of error, both of which involve the construction of the bond sued on. The only question to be decided is, did the bond sued on contain a valid condition to pay the judgment of the Circuit Court of Lunenburg county in the attachment proceeding?

[1-5] The provisions of the statute, section 6394 of the Code, were not followed. The bond was not "taken by the officer serving the attachment." The statute makes the sheriff the officer who shall pass on the form and amount of penalty of the bond and the sufficiency of the surety. In the instant case the obligors them-

selves passed on these questions, and tendered the bond by filing it with the clerk of the court, without the knowledge of the sheriff. They made the penalty less than the law required. For a forthcoming bond, the penalty should have been at least double the amount for which the attachment issued, or double the value of the property retained or returned, at the option of the person giving the bond. A bond with condition, "to perform the judgment of the court," should be executed by the principal defendant in a penalty at least double the amount or value for which the attachment issued. Under the terms of the statute, the officer levying an attachment is not required to take possession of the property unless the plaintiff has given bond. Code, section 6384. No such attachment bond was ever given in the instant case, and there was no necessity for the defendant to execute a forthcoming bond in order that the possession of the property might be "retained by or returned to" the defendants in the attachment.

Section 6394 provides for a bond with condition to "have the property forthcoming at such time and place as the court may require," and also for a bond with condition to "perform the judgment of the court." The bond in judgment contains both of these conditions connected by the conjunction "and."

Whether the bond declared on is a valid statutory bond under section 6394 of the Code, *supra,* is immaterial, since it is admitted that it is a valid bond at common law. We need not, therefore, discuss the contentions of counsel as to statutory bonds.

If the bond is not a good statutory bond, it does not follow that it is not a valid common law obligation, enforceable according to its terms.

[6] In 6 *Corpus Juris,* p. 332, sec. 688, the law is stated thus: "A voluntary obligation for the release of

attached property is a valid common law obligation,. and although an undertaking may be defective as a statutory bond, or for the purposes of the statutory remedy, yet if voluntarily entered into and supported by sufficient consideration, it is good as a common law obligation, and may be enforced as such." Citing *Adler* v. *Potter*, 57 Ala. 571; *Gardner* v. *Donnelly*, 86 Cal. 367, 24 Pac. 1072; *Palmer* v. *Vance*, 13 Cal. 553; *Campbell* v. *Brown*, 121 Mass. 516; *Colorado* v. *Lester*, 73 Tex. 542, 11 S. W. 626; and others.

The same principle was approved by this court in. *Johnston* v. *Meriwether*, 3 Cal. 523, as follows: "If a, forthcoming bond be not good as a statutory bond, it may be good as a common law bond."

[7] The bond in the instant case was prepared by counsel for the plaintiffs in error, without notice to opposing counsel, or opportunity on their part to suggest its form or object to its terms. Under such circumstances, where there is doubt or ambiguity, the words of the instrument should be construed most strongly against the party using them. *Bank* v. *McVeigh*, 32 Gratt. (73 Va.) 531; *Tate* v. *Tate*, 75 Va. 527; *Noonan* v. *Bradley*, 9 Wall. 394; 19 L. Ed. 757; *Alexander* v. *Critcher*, 121 Va. 731, 94 S. E. 335.

[8] The defendants having elected to include in the bond the words, "now if the said Frampton-Foster Lumber Company shall have the said lumber forthcoming at such time and place as the Circuit Court of Lunenburg county may require, *and* shall perform the judgment of said court," the obligee in the bond had the right to elect to hold the obligors for the performance of either one or both of the conditions. The plaintiff (defendant in error) having elected to sue for a breach of the condition to "perform the judgment of the court," the defendants (plaintiffs in error) cannot be heard to

plead in defense of the action "conditions performed" as to the obligation to have the lumber forthcoming at such time and place as the court might require.

[9] It is a cardinal rule of construction that in construing a written instrument, technical words will be taken in their technical sense, and words of a definite legal significance will be understood as used in such sense, unless there appear in the writing a manifest intention of using them in a different sense. *City of Roanoke* v. *Blair*, 107 Va. 639, 60 S. E. 75; *Nye* v. *Lovitt*, 92 Va. 714, 24 S. E. 345; 13 *Corpus Juris*, p. 532, sec. 490.

[10] The statute law of this State touching bonds in attachment cases, for the past 100 years, has provided for a bond, with condition to "perform the judgment of the court." These words have acquired a definite legal meaning, to-wit, to pay such money judgment as may be rendered against the defendant in the attachment.

We cannot concur with the contention of the plaintiff in error that the words, "perform the judgment of the court," refer only to a judgment of the court to have the property forthcoming at a certain time and place. If this construction were true, these words would be a useless repetition of the preceding clause and would be manifestly superfluous and meaningless. Such a construction would contravene the well established rule of construction in such cases.

[11] In *Smith* v. *Ramsey*, 116 Va. 537, 82 S. E. 191, 15 A. L. R. 32, the court said: "The well settled rule of construction is, that no word in a contract is to be treated as meaningless, if any meaning reasonable and consistent with other parts of the contract can be given to it."

There is no merit in the contention of plaintiffs in error that there is a contradiction in the two conditions of the bond which cannot stand together in the same in-

strument.   Regardless of what may or may not have become of the lien of the attachment, there is no inconsistency in the obligor tendering the obligee the choice of two remedies, or the right to invoke both where necessary.

[12] Where an instrument is ambiguous or doubtful, the court will look at the surrounding facts and circumstances and give great weight to the construction placed upon the contract by the parties themselves in ascertaining its true meaning.

While R. M. Foster testified that he meant to give only a forthcoming bond, on cross-examination as to what he understood the meaning and effect of the bond to be, he testified as follows: "I did not expect to break my bond.   I gave this bond so that I could take care of that judgment; to protect the stuff whenever they wanted it.   I expected to fill those orders and have the money for it; that is what I expected."   Evidently, in his view, the bond he gave took the place of the lumber, and the shipment would not breach the bond because he would have the money in hand to pay the money judgment of the court.

It is manifest that the defendants in error construed the bond to be a release bond.   The property was left in the possession of Foster.   No order for the sale of it was asked for or entered when the judgment was rendered, and this suit was instituted thereon as a release bond.

Without deciding whether or not the bond sued on is a valid statutory bond, we are of the opinion that it is a valid common law bond and that the obligors are liable to the obligee thereon.

The judgment will be affirmed.

*Affirmed.*