[Civ. No. 2718.    Third Appellate District.—June 24, 1924.]

## CHARLES A. WARD, Respondent, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY (a Corporation), Appellant.

[1] ATTACHMENTS—RELEASE OF PROPERTY—RECITALS IN BOND—ESTOP-PEL.—In an action against the surety on an undertaking given to procure the release of property from attachment, where the undertaking recites that it is given "in consideration of the release from said attachment of the property attached," the defendant is estopped to deny that the property was released from attachment.

[2] ID.—VALUE OF PROPERTY—RECORDATION OF RELEASE—IDLE ACT.—The plaintiff in the attachment suit having attached certain real and personal property, and the sheriff, upon receipt of the undertaking, having released from attachment the personal property (which was the only property of defendants under attachment that had any value), the law did not require that he also make a record of the release of the attachment of the real property (in which defendants had no interest).

[3] ID.—VALUE OF MILLED ORE—EXPERT TESTIMONY — VERDICT.—The attachment defendants, after the release of the attachment, having milled the gold-bearing ore and extracted the gold therefrom, and not made any accounting thereof to plaintiff, or to the sheriff, in the action upon the undertaking given to secure the release of the attachment, in order to determine the value of said ore, resort was properly had to the testimony of an expert, who knew the character of the ore in a general way, and who had mined and milled ore from the same mine and from the same chute in that

---

1.   See 3 *Cal. Jur.* 531; 10 *Cal. Jur.* 621; 2 **R. C. L.** 890.
3.   See 10 *Cal. Jur.* 1021; 10 **R. C. L.** 636.

mine, and such evidence was sufficient to sustain the finding of the jury.

[4] ID.—AMOUNT OF JUDGMENT—INSTRUCTIONS. — In such action, the testimony offered by plaintiff having shown that the gold-bearing ore in question had a value greatly in excess of the judgment rendered in favor of plaintiff in the attachment suit, and there being no suggestion by defendant that the amount then due, at the time of trial, was erroneously stated by the court, it was not error to instruct the jury that "if you find that the plaintiff is entitled to recover from the defendant in this action, I instruct you that plaintiff is entitled to recover from the defendant the full value of the ore levied on" in the attachment suit, "not exceeding" a stated sum, "the amount of the judgment in said action with interest and costs of suit therein, if you shall find that the value of said property was in excess of said sum. If you shall find that the value of said property was less than" the said stated sum, "the amount of said judgment with interest and costs, I instruct you that plaintiff is entitled to a verdict not exceeding the value of said ore levied on in said action."

(1) 6 C. J., p. 351, sec. 745. (2) 6 C. J., p. 339, sec. 698. (3) 6 C. J., p. 358, sec. 774 (Anno.); 22 C. J., p. 693, sec. 786, p. 732, sec. 823. (4) 6 C. J., p. 359, sec. 779.

APPEAL from a judgment of the Superior Court of Mariposa County. J. J. Trabucco, Judge. Affirmed.

The facts are stated in the opinion of the court.

John A. Wall for Appellant.

F. W. Henderson for Respondent.

WEYAND, J., *pro tem.*—This is an action to recover from the Massachusetts Bonding and Insurance Company, on account of an undertaking executed by said Bonding Company, for the redelivery to defendants of certain attached property.

The plaintiff above named brought an attachment suit in the superior court of Mariposa County and attached certain real and personal property, claimed to belong to M. C. McIntyre and J. C. Yancey, the defendants in said attachment suit. The property attached was a certain mine known as

"The Early Mine," an ore-bin and a lot of gold-bearing ore in the ore-bin.

Immediately after the attachment, and before a return of the writ of attachment, McIntyre and Yancey gave an undertaking to the sheriff of Mariposa County, for the release of said property from the attachment. This bond was accepted by the sheriff, aforesaid, and the sheriff delivered the ore to the defendants in the attachment suit. The "Early Mine" was never released of record.

Appellant herein contends that the evidence was insufficient to justify the verdict, and this contention is based upon two separate claims. [1] It is first asserted that as there was no proof of a release of the "Early Mine" and the ore-bin, there can be no recovery. The evidence adduced at the trial herein clearly showed that McIntyre and Yancey had been operating the said "Early Mine" under some form of bond or working agreement, but that their rights under this bond had expired on November 17, 1915. The attachment herein was levied on or about March 11, 1916, some four months after their rights in this mine had expired. Between the date of the expiration of their working bond or agreement on this mine, and the attachment by the sheriff of Mariposa County, McIntyre and Yancey had been maintaining possession of the "Early Mine" by force and "under guns," as some witnesses expressed it. After the giving of the undertaking by the Bonding Company, it is true, the sheriff never made a record of the release of the attachment, as is required by section 560 of the Code of Civil Procedure. The undertaking given for the release of the property recites that it is given "in consideration of the release from said attachment of the property attached." The evidence clearly shows that upon the approval of this undertaking the sheriff did return the ore in the ore-bin, and discharged the keeper of the property, and it further appears that McIntyre and Yancey took possession of and milled the ore. The sole and only property held by the sheriff, that was of value to the defendants in the attachment suit, was returned to them. The recital in this undertaking is to the effect that the release has been made. It is not recited that a release is to be made in the future. The usual doctrine applicable to bonds of this nature is that all recitals operate as estoppels against

the attachment defendant and his sureties.    (See 3 Cal. Jur., p. 530.)

In *Gardner* v. *Donnelly,* 86 Cal. 367 [24 Pac. 1072], it was disclosed that an application had been made to the court for release of attached property, and the order for release was made.   It was there held, in a case involving a like bond for release, that it was not a matter of answer or. defense to show that the property was not released.   In the instant case the proceedings were not of that nature; no formal application made to the court for the release, but the sheriff received and approved the undertaking for release, and did actually release to the attachment defendants all property of value held by him.   Possession of the mining property, the ore-bin, and the ore was turned over to McIntyre and Yancey.   The "Early Mine," under the evidence given, had, and could have had, no value whatsoever to the defendants in that suit.   **[2]**   Aside from the suggestion that the surety is bound by the recital in his undertaking, the law should not require the performance of an idle act.

**[3]**   Upon the question as to the value of the ore, it was shown by testimony that, after the release of the attachment, McIntyre and Yancey milled the ore and extracted the gold therefrom.   This was done between the time of the release from attachment and the rendition of the judgment in the attachment suit.   The proceeds were taken by McIntyre and Yancey and no accounting was ever made to the plaintiff in that suit or to the sheriff.   Nothing was paid to the plaintiff from the proceeds of that ore.

The actual ore having been completely destroyed by the attachment defendants, and no method being present to definitely determine its value, resort was had to the testimony of an expert, who knew the character of the ore in a general way, and who had mined and milled ore from the same mine, and from the same chute in that mine.   It is proper to recount that neither the defendant in the present suit, nor McIntyre and Yancey, defendants in the attachment suit, offered any evidence as to the value of this ore.   The proof offered was sufficient to establish the value, as the same was determined by the jury trying the case.   In *Montana Min. Co.* v. *St. Louis Min. & Mill Co.,* 183 Fed. 70 [105 C. C. A. 343], under a like situation, the federal court said: "The ore sued for had been taken and carried away

by the Montana Company. The St. Louis Company was therefore unable to prove the value of the specific ore taken, but it was allowed to show the value of similar ores taken from the same vein near by.''

Speaking of like testimony, the supreme court of California, in *Antone* v. *Ridge Co.*, 23 Cal. 219, 221, said: ''If this resulted in causing the jury to return too large a verdict of damages, the defendants are themselves principally to blame, for they had the means in their own power of showing the correct amount of gold taken out by them.''

It is quite true that these last-quoted cases were between parties directly involved, but the same principle must apply where one party is standing as surety for one who received the proceeds of released property. Under the circumstances the evidence as to value, offered by the plaintiff, was the best that could be offered, and was sufficient to sustain the finding of the jury.

[4] Appellant complains of the following instruction given by the trial court: ''If you find that the plaintiff is entitled to recover from the defendant in this action, I instruct you that plaintiff is entitled to recover from the defendant the full value of the ore levied on in the case of *Ward* v. *McIntyre and Yancey*, not exceeding the sum of $1,857.50, the amount of the judgment in said action with interest and costs of suit therein, if you shall find that the value of said property was in excess of said sum. If you shall find that the value of said property was less than the sum of $1,857.50, the amount of said judgment with interest and costs, I instruct you that plaintiff is entitled to a verdict not exceeding the value of said ore levied on in said action.''

The evidence disclosed that there were 180 tons of ore attached, and that like ore, from the same mine, and same chute, had yielded from $17 to $18.45 per ton. Against this there was properly deductible a milling charge of $3 per ton. Thus it will appear there was a total net value of $2,500 or upward in the released property.

Under authority of *Mullally* v. *Townsend*, 119 Cal. 47 [50 Pac. 1066], the above instruction states the true rule of law applicable. The plaintiff herein could but recover the amount of his judgment, unless the property was of less

value than the amount of his judgment, in which case his recovery was limited by the value of the property released.

Appellant seems to further contend that the court should have stated the amount of the judgment, and the date thereof, and left the jury to compute the amount due thereon at the time of trial. Again, it must be borne in mind that counsel for defendant did not offer any instructions, nor was there any suggestion that the amount then due, at the time of trial, was erroneously stated. There is no merit in this contention.

Other alleged errors are claimed, but we see no necessity of considering them separately; suffice it to say they have no merit.

The judgment of the lower court is affirmed.

Plummer, J., and Finch, P. J., concurred.