[Civ. No. 6967. First Appellate District, Division Two.—December 23, 1929.]

CUFF BURRELL, Appellant, v. CAPT. H. A. CROW POST No. 884, VETERANS OF FOREIGN WARS CONVENTION COMMITTEE et al., Respondents.

Clarence H. Wilson for Appellant.

B. M. Benson for Respondents.

BURROUGHS, J., *pro tem.*—This is an appeal by the plaintiff from a judgment entered in favor of the defendants Church and Neuman after an order made by the trial court sustaining a demurrer to the second amended complaint.

The said complaint is entitled Cuff Burrell, Plaintiff, *v.* Capt. H. A. Crow Post No. 884, Veterans of Foreign Wars Convention Committee; Percy C. Church and B. A. Neuman, Defendants. It is alleged therein that said Convention Committee at all times mentioned in the complaint was an unincorporated association of persons associated together under the fictitious name above set forth for the purpose of making arrangements for a state convention of the Veterans of Foreign Wars, to be held in Fresno during the month of June, 1926, and for the purpose of providing suitable entertainment and recreation for said convention. That the defendants Church and Neuman were members of said Convention Committee. That on June 6, 1926, as a part of said entertainment, the defendants conducted a rodeo. That for the purpose of holding said rodeo the defendants Church and Neuman entered into a contract with the plaintiff, a copy being annexed to the said complaint. By the terms thereof the plaintiff contracted to furnish certain livestock, etc., and perform other services for which the committee and Church and Neuman agreed to pay plaintiff $1550. That the plaintiff performed all of the terms of the contract required to be performed by him. That the defendants have paid plaintiff in accordance with the terms of the agreement $563, but have failed and refused to pay the balance of $987 now due and unpaid,

although demand therefor has been made of each of the defendants. The agreement is entitled Cuff Burrell, as the party of the first part, and Captain H. A. Crow Post No. 884, Veterans of Foreign Wars Convention Committee, the party of the second part. In the body of the contract they are referred to as the "party of the first part" and "party of second part." The instrument is signed "Cuff Burrell, Party of the 1st Part" and "V. F. W. Convention Com. Party of the 2nd Part, By Percy C. Church, Party of the 2nd Part and Bentley A. Neuman Party of 2nd Part."

The only question presented for consideration and decision is this: Were the two defendants, in making the contract, acting as agents for the Captain H. A. Crow Post of the Veterans of Foreign Wars or were they acting for and as members of an unincorporated association known as the Capt. H. A. Crow Post No. 884, Veterans of Foreign Wars Convention Committee. If the former, then the said complaint fails to state a cause of action. If the latter, then a cause of action has been alleged. ▉ It is well settled that in the law of agency the question of liability under a written contract must be determined from the contract itself. (2 Cor. Jur. 671; *Heringer* v. *Schumacher*, 88 Cal. App. 349 [263 Pac. 550]; 1 Cal. Jur., p. 821.)

▉ The contract purports to be made by the Convention Committee, no reference whatever is made to the Post itself. It is specifically stated that the contract is between the plaintiff and the Convention Committee and it is so signed by the Committee by Church and Neuman. It does not necessarily follow that in staging a convention of a particular organization the committees in charge are either members thereof or acting under the direction of such organization. In the case at bar there is nothing whatever to show any connection between the Post and the Committee, except that the Post was holding a state convention in Fresno. The complaint upon which this action was decided alleges that the committee was an unincorporated association of which the defendants were members and such allegations for the purposes of the demurrer are true; therefore, under the provisions of section 388 of the Code of Civil Procedure, the said complaint states a cause of action. (*Zimmerman* v. *Prior*, 46 Cal. App. 40 [188 Pac. 836]; *Leake* v. *City of Venice*, 50 Cal. App. 462 [195 Pac. 440].)

The demurrer was submitted with a stipulation by the parties that final judgment should be entered by the court in accordance with the decision upon the demurrer.

It is ordered that the judgment be and it is reversed, and the cause is remanded to the trial court, with directions to overrule the demurrer of the defendants Church and Neuman to the second amended complaint and in accordance with said stipulation to enter judgment in favor of the plaintiff and against the defendants Church and Neuman, in accordance with the prayer of said second amended complaint.

Nourse, J., and Koford, P. J., concurred.